HAWAIIAN BEACHES, INC., HAWAII BEACH TER-
RACE, INC., HAWAIIAN PARKS, INC., AND HA-
WAII PARK TERRACE, INC. *v.* RALPH W. KON-
DO, DIRECTOR OF TAXATION OF THE STATE
OF HAWAII.

No. 4953.

AUGUST 31, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON
AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This appeal by Hawaiian Beaches, Inc., and three other
Hawaii corporations is taken from an adverse judgment
on a motion for summary judgment entered in favor of
the appellee, the State Director of Taxation.

In the trial court appellants' complaint contested the
assessment of additional general excise taxes which they
paid under protest. The taxes in question were assessed

on interest income from the sales of appellants' lands situated on the island of Hawaii. Some of the 1964 to 1968 sales were by agreement of sale under which the purchaser paid the purchase price in installments, including interest on the unpaid principal balance.

The issue is interpreting HRS § 237-3, which provides in pertinent part:

" 'Gross income' means the *gross receipts,* cash or accrued, of the taxpayer received as compensation for personal services and the gross receipts of the taxpayer derived from trade, business, commerce, or sales and the value proceeding or accruing from the sale of tangible personal property, or service, or both, *and all receipts,* actual or accrued as hereinafter provided, by reason of the investment of the capital of the business engaged in, *including interest,* discount, rentals, royalties, fees or other emoluments however designated and without any deductions on account of the cost of property sold, the cost of materials used, labor cost, taxes, royalties, interest, or discount paid or any other expenses whatsoever. * * *

" 'Gross proceeds of sale' means the value actually proceeding from the sale of tangible personal property without any deduction on account of the cost of property sold or expenses of any kind.

"The words 'gross income' and 'gross proceeds of sales' *shall not be construed to include: gross receipts* from the sale of bonds or other evidence of indebtedness or stocks or, except as otherwise provided, *from the sale of land in fee simple,* improved or unimproved, dividends as defined by chapter 235; cash discounts allowed and taken on sales; the proceeds of sale of goods, wares, or merchandise returned by customers when the sale price is refunded either in cash or by credit; or the sale price of any article accepted as part payment on

any new article sold, if the full sale price of the new article is included in the 'gross income' or 'gross proceeds of sales'. * * *"    (Emphasis added.)

The question on this appeal is whether interest received on an agreement of sale of land in fee simple comes within the "gross receipts from the sale of land in fee simple".

The words of any statute, including revenue legislation, are usually read in their ordinary and popular sense. *Bishop Trust Co.* v. *Burns,* 46 Haw. 375, 399, 381 P.2d 687, 701 (1963); *In re Taxes, Johnson,* 44 Haw. 519, 530, 356 P.2d 1028, 1034 (1960).

The term "gross receipts" read with ordinary meaning means "all receipts" with no deductions, as opposed to "net receipts", which does not include such items as cost of goods sold, wages, and lease rent. *Commonwealth* v. *Koppers Company, Inc.,* 397 Pa. 523, 529, 156 A.2d 328, 332 (1959); *Laclede Gas Co.* v. *City of St. Louis,* 363 Mo. 842, 848, 253 S.W.2d 832, 835 (1953); *Taylor* v. *Rosenthal,* 308 Ky. 4, 6, 213 S.W.2d 435, 437 (1948).

The word "interest" must also be read in its ordinary meaning. Interest is commonly defined as a payment made for the privilege of using another's money. *Rosen* v. *United States,* 288 F.2d 658, 660 (3rd Cir. 1961); *Equitable Assur. Society* v. *Commissioner of Internal Revenue,* 321 U.S. 560, 564 (1944). Interest arises not from the sale of any commodity, but rather as a charge for the use of money loaned. Such a lender invests his money, getting back the sum lent plus a return in the form of interest.

There is nothing within the definitive sections of HRS c. 237, General Excise Tax Law, which derogates from the commonly understood meaning of "gross receipts" and of "interest".

A careful reading of HRS § 237-3 reveals that the first paragraph defines gross income as the "gross receipts of the taxpayer derived from * * * sales * * * and all receipts

* * * by reason of the investment of the capital of the business engaged in, *including interest * * *.*" (Emphasis added.) Here the legislature is very explicit and specifically mentions the inclusion of interest. "Interest" is mentioned as one of several items comprising "all receipts" and not as an inclusion of "gross receipts".

The third paragraph of HRS § 237-3 provides that "the words 'gross income' * * * shall not be construed to include gross receipts * * * from the sale of land in fee simple * * *." Here the legislature limited the exclusion to "gross receipts" and has not referred to interest as also falling outside the definition of gross income. If the legislature intended to exclude interest received on an agreement of sale of land in fee simple from the definition of gross income in paragraph one, it would have so stated.

Appellant argues the applicability of *Gross Income Tax Division* v. *Bartlett,* 228 Ind. 505, 93 N.E.2d 174 (1950) contending the Indiana court held interest taxable as part of "gross receipts from the sale of real property". In reading this case we find no such statement. The court in *Bartlett* held that Indiana could tax interest received from the sale of land within the state under their gross income tax law, which, as quoted by the court, in part provided for a tax on "all receipts by reason of the investment of capital, including interest * * *." The Indiana statute did not exclude "gross receipts from the sale of land" from gross income, and hence the meaning of an exclusion was not in issue.

It is our opinion that HRS § 237-3 can only be read to say that interest received on an agreement of sale of land in fee simple does not come within the "gross receipts from the sale of land in fee simple".

The fact that the agreement of sale was made and executed outside of Hawaii and that the installment payments, including interest were also made outside of Hawaii

does not deny Hawaii the right to tax interest received by a domiciliary "by reason of the investment of the capital of the business" in Hawaii.

Judgment affirmed.

*Arthur B. Reinwald* (*Anthony & Waddoups* of counsel) for plaintiffs-appellants.

*Alana W. Lau,* Deputy Attorney General (*Bertram T. Kanbara,* Attorney General, with her on the brief), for defendant-appellee.