CITY AND COUNTY OF HONOLULU, Appellant, *v.* PUBLIC UTILITIES COMMISSION and HAWAIIAN TELEPHONE COMPANY, Appellees

No. 5278

April 11, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* The Hawaiian Telephone Company, one of the appellees herein, hereinafter Hawaiian Telephone, moves this court for an order dismissing the appeal filed by the City and County of Honolulu, appellant herein, hereinafter C&C.

Hawaiian Telephone contends, *inter alia*, that C&C has no standing to appeal due to C&C's failure to comport with the prescribed administrative procedures of the Public Utilities Commission of the State of Hawaii, the other appellee herein, hereinafter PUC.

C&C contends, however, that it is a person aggrieved by a final decision and order of the PUC and is entitled to a judicial review regardless of whether it comported with the prescribed administrative procedures of the PUC.

FACTS

The facts are clear that C&C failed to intervene as a party or receive permission to participate without intervention in the protracted hearing held before the PUC relative to Hawaiian Telephone's application for a rate increase. Hawaiian Telephone as a public utility may not increase

its intrastate rates and charges without the prior approval of the PUC.

## PERTINENT STATUTORY PROVISIONS

HRS Chapter 91, Administrative Procedure, provides, *inter alia,* as follows:

§ 91-1 Definitions. For the purpose of this chapter:
(1) "Agency" means each state or county board, commission, department, or officer authorized by law to make rules or to adjudicate contested cases, except those in the legislative or judicial branches.
(2) "Persons" includes individuals, partnerships, corporations, associations, or public or private organizations of any character other than agencies.
(3) "Party" means each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party, in any court or agency proceeding.

. . . .

(5) "Contested case" means a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing.
(6) "Agency hearing" refers only to such hearing held by an agency immediately prior to a judicial review of a contested case as provided in section 91-14.

. . . .

§ 91-14 Judicial review of contested cases. (a) Any person aggrieved by a final decision and order in a contested case . . . is entitled to judicial review . . . .

## PUC'S RULES OF PRACTICE AND PROCEDURE

Rule 12.02 (General Order No. 1, June 16, 1966) provides in relevant part, as follows:
In a proceeding, petitions to intervene and become a party thereto shall be in writing and comply with Rules

2.01 through 2.07 and shall set forth the facts and reasons for the proposed intervention and the position and interest of the petitioner in the proceeding. . . .

Intervention will not be granted except in averments which are reasonably pertinent to the issues already presented, but do not unduly broaden them. If intervention is granted, the petitioner thereby becomes an intervenor and a party to the proceeding to the degree indicated by the order allowing intervention, or by the presiding officer at the hearing.

Rule 12.03 provides as follows:

The Commission may permit participation without intervention.

A person or entity in whose behalf an appearance is entered in this manner may participate in the proceeding only to the degree indicated by the presiding officer.

### ANALYSIS OF C&C'S STANDING

The main thrust of C&C's opposition to Hawaiian Telephone's motion to dismiss C&C's appeal is to the effect that because the legislature provided separate definitions of a "person" and of a "party", and because of the provisions of HRS § 91-14(a), C&C is not required to be a party or participant in the hearing before the PUC to be entitled to a judicial review of the PUC's final decision and order.

We disagree with C&C's stand. HRS § 91-14(a), which provides "[a]ny person aggrieved by a final decision and order in a contested case . . . is entitled to judicial review . . . ", is clear and unambiguous that the person aggrieved must have been involved in the contested case before the PUC. HRS § 91-14(a) does not provide simply that "any person aggrieved by a final decision and order is entitled to a judicial review". If the legislature intended to give any person aggrieved by a final decision and order, *regardless of whether the person participated* in a contested case, the right to judicial review, the legislature would have so stated. Where the terms of a statute are plain, unambiguous and

explicit, the courts are not at liberty to go outside of the language to search for a meaning which does not reasonably bear to the terms of the statute. *Apokaa Sugar Co. v. Wilder,* 21 Haw. 571 (1913); *Hawaiian Beaches v. Kondo,* 52 Haw. 279, 474 P.2d 538 (1970).

The definitions of the phrases "contested case" and "agency hearing" in HRS § 91-1 make it amply clear that the strained interpretation made by C&C of HRS § 91-14(a) is untenable.

Furthermore, ample provision for notice to the public and subscribers of the utility for any rate hearing before the PUC is provided in HRS § 91-9 and HRS § 269-16.

C&C has raised other grounds to sustain its appeal but they are dismissed as being without merit.

With the above opinion and the C&C having failed to comport with the prescribed administrative procedures of the PUC, the motion to dismiss C&C's appeal is granted. *Leopold v. Public Utilities Commission,* No. 5255, Sup. Ct. of Hawaii (Feb. 2, 1972); *East Diamond Head Association v. Zoning Board of Appeals,* 52 Haw. 518, 479 P.2d 796 (1971).

*Hugh Shearer (Jenks, Kidwell, Goodsill & Anderson* of counsel) for appellee Hawaiian Telephone Company, for the motion.

*Gaylord Virden,* Deputy Corporation Counsel for appellant City and County of Honolulu, contra.