RILEY K. HIRASA, Plaintiff-Appellee, *v.* JESSE H. BURTNER, CACKLE FRESH EGG FARMS, OLSON FARMS, INC. and FAIRVIEW EGG FARMS, INC., Defendants-Appellants, and STATE OF HAWAII, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, ROE "NON-PROFIT" CORPORATIONS 1-10 and ROE GOVERN-MENTAL ENTITIES 1-10, Defendants, and JESSE H. BURTNER, CACKLE FRESH EGG FARMS, OLSON FARMS, INC. and FAIRVIEW EGG FARMS, INC., Third-Party Plaintiffs-Appellants, *v.* PAUL BURNETT, SYLVESTER CULLEN, EDWARD SOUZA, JR. and CITY AND COUNTY OF HONO-LULU, Third-Party Defendants-Appellees, and STATE OF HAWAII, JOHN DOES 4-10, JANE DOES 1-10, DOE PART-NERSHIPS 1-10, DOE CORPORATIONS 1-10, ROE "NON-PROFIT" CORPORATIONS 1-10 and ROE GOVERNMENTAL ENTITIES 2-10, Third-Party Defendants

NO. 9886

(CIVIL NO. 72071)

JULY 11, 1985

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, JJ., AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS, IN PLACE OF NAKAMURA, J., RECUSED.

OPINION OF THE COURT BY WAKATSUKI, J.

We focus on two issues in this appeal. Whether the trial court erred in dismissing Defendants' (Appellants), Jesse H. Burtner, Cackle Fresh Egg Farms, Olson Farms, Inc., and Fairview Egg Farms, Inc., third-party complaint against the Third-Party Defendants (Appellees), Paul Burnett, Sylvester Cullen, Edward Souza, Jr. and the City and County of Honolulu, based on the exclusiveness of liability under Hawaii Revised Statutes (HRS) § 386-5;[1] and whether the trial court abused its discretion in denying defendants' motion to amend their third-party complaint. We affirm the dismissal of the third-party complaint against the City and County of Honolulu, but not against Third-Party Defendants Burnett, Cullen and Souza. We reverse the denial of defendants' motion to amend their third-party complaint.

I.

Plaintiff Riley K. Hirasa, an employee of the City and County of Honolulu, was injured while repairing a City light pole on Kam High-

---

[1]The pertinent paragraph in HRS § 386-5 reads as follows:

The rights and remedies herein granted to an employee or his dependents on account of a work injury suffered by him shall exclude all other liability of the employer to the employee, his legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise, on account of the injury.

way. He was standing in a bucket at the end of a boom extending up from the back of a City truck. In passing the City truck, a truck driven by Defendant Burtner and owned by the other defendants struck the boom causing plaintiff to fall to the ground and thereby sustain injuries.

Plaintiff sued defendants and also named the State of Hawaii and several John Does as additional defendants. Defendants in turn filed a third-party complaint against the third-party defendants. Third-party defendants filed a motion to dismiss defendants' third-party complaint. Plaintiff joined in the motion. Defendants filed a motion to amend their third-party complaint to allege wilful and wanton misconduct of Burnett, Cullen, and Souza who were City and County of Honolulu co-employees with plaintiff at the time of the accident. The trial court granted the motion to dismiss and denied the motion to amend the third-party complaint.

## II.

Defendants contend that the third-party defendants are liable to the defendants for contribution or indemnification to the extent of their own negligence, and therefore, the third-party complaint against them should not have been dismissed.

*Kamali v. Hawaiian Electric Co.,* 54 Haw. 153, 504 P.2d 861 (1972), clearly rejects the argument for contribution from the employer on the theory that the employer was a joint tortfeasor. *Id.* at 159, 504 P.2d at 865. As to the argument for indemnification, the obligation to indemnify must be based on a contract for reimbursement, or some other independent duty existing between the indemnitor and indemnitee. *Id.* There is nothing in the record showing the existence of an indemnity contract, or a showing of an independent duty to indemnify between the third-party defendants and defendants. *See also Hanagami v. China Airlines,* 67 Haw. 370, 688 P.2d 1139 (1984).

## III.

The denial of the motion to amend the third-party complaint presents an issue with regard to liability of co-employees.

Paragraph 11 of HRS § 386-8 reads as follows:

Another employee of the same employer shall not be relieved of *his liability as a third party* if the personal injury is caused by his

wilful and wanton misconduct. (Emphasis added.)

Third-party defendants contend that the language of the paragraph should be construed to allow only the injured employee of the same employer to sue his co-employees directly for any injuries sustained due to his co-employees' wilful and wanton misconduct. We disagree.

If HRS § 386-8 allows an injured employee to file a direct action against his co-employee for wilful and wanton misconduct, then logically a third-party plaintiff who is not a co-employee should also have the right to implead the wilful and wanton misconduct of the injured worker's co-employee. In both instances, the liability for injuries sustained in the accident is allegedly due to the wilful and wanton misconduct of the injured worker's co-employees.

It is a generally accepted rule of statutory construction that unless it appears by the context or otherwise in the statute a different sense was intended, words are to be given their ordinarily accepted meaning. *Hawaii Consolidated Railway v. Borthwick,* 34 Haw. 269, 272 (1937); *see also Hawaiian Beaches v. Kondo,* 52 Haw. 279, 474 P.2d 538 (1970); *Advertiser Publishing Co. v. Fase,* 43 Haw. 154 (1959). The fundamental objective of a court in construing statutory language is to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language contained in the statute itself. *Hawaii Public Employment Relations Board v. United Public Workers,* 66 Haw. 461, 667 P.2d 783 (1983); *State v. Ui,* 66 Haw. 366, 663 P.2d 630 (1983).

In HRS § 386-8, the language "third party" clearly refers to a co-employee who caused injury by his wilful and wanton misconduct. However, the statute does not specifically limit third-party liability to a situation where only the employee can sue his co-employee. We do not believe the legislature intended to relieve the co-employee of liability simply because he is sued as a third-party defendant. To give the words "third party" the meaning that third-party defendants urge would obviously counter the intent of the legislation.

## IV.

The defendants' motion to amend was filed after the third-party defendants' motion to dismiss was filed. The defendants' motion is governed by Rule 15(a), Hawaii Rules of Civil Procedure, which is identical to Rule 15(a) of the Federal Rules of Civil Procedure. The rule

requires leave of court or consent by the adverse party in order to amend, and further states that "leave shall be freely given when justice so requires."

The Hawaii Supreme Court has followed the federal courts in applying Rule 15(a):

> In the absence of any apparent or declared reason . . . such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . the leave should, as the rules require, be "freely given."

*Bishop Trust Co. v. Kamokila Development Corp.,* 57 Haw. 330, 337, 555 P.2d 1193, 1198 (1976), quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962).

The Fifth Circuit Court of Appeals has similarly held that a motion to amend should be granted unless there are substantial reasons to deny the motion. *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594 (5th Cir. 1981).

The trial court denied the motion to amend the complaint without stating its reasons. The Order stated, "Defendant Burtner's, Cackle Fresh Egg Farms, Olson Fresh Farms, Inc.'s and Fairview Egg Farms, Inc.'s Motion to Amend Third-Party Complaint shall be and is hereby denied."

The defendants would have amended paragraph 11 of their third-party complaint to read as follows:

11. Third-party defendants acted wilfully and/or wantonly, and in so doing proximately caused or contributed to the accident and/or the injuries suffered by the plaintiff.

We find that the trial court abused is discretion in denying leave to amend. The trial court failed to state any substantial reasons, nor do we find any justifiable reason, for the denial of the amendment. In view of our conclusion that under HRS § 386-8 defendants could maintain a third-party action against plaintiff's co-employees for wilful and wanton misconduct, defendants should have been allowed to amend their third-party complaint to allege wilful and wanton misconduct on the part of plaintiff's co-employees. The amendment would not have prejudiced any defenses that plaintiff's co-employees may have had. To the contrary, disallowing the amendment deprives defendants from proceeding on the merits of their claim.

## V.

The order dismissing the third-party complaint against Third-Party Defendant City and County of Honolulu is affirmed.

The order dismissing the third-party complaint against Third-Party Defendants Burnett, Cullen, and Souza is reversed.

The order denying defendants' motion to amend the third-party complaint is reversed.

This case is remanded for further proceedings not inconsistent with this opinion.

*Kevin P. H. Sumida (Clyde Wm. Matsui* and *Randall Y. S. Chung* with him on the briefs; *Clyde Wm. Matsui, A Law Corporation,* of counsel) for Defendants-Appellants and Third-Party Plaintiffs-Appellants Jesse H. Burtner, Cackle Fresh Egg Farms, Olson Farms, Inc. and Fairview Egg Farms, Inc.

*Wesley F. Fong,* Deputy Corporation Counsel, on the brief for Third-Party Defendants-Appellees Paul Burnett, Sylvester Cullen, Edward Souza, Jr. and City and County of Honolulu.

*Wayson Chow (James A. King* with him on the brief) for Plaintiff-Appellee Riley K. Hirasa.