**JAMES KAHALEPAUOLE, RUBY CANON CUBI, THOMAS CANON, ROY CANON, and RONALD CANON**, Plaintiffs–Appellees, v. **ASSOCIATES FOUR** dba **WAIMEA FALLS PARK, CHARLES PIETSCH, JR., CHARLES PIETSCH III, JOHN P. SPIERLING,** and **JERRY K. SEO**, Defendants–Appellants

NO. 13442

(CIV. NO. 86–2256)

MAY 7, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

**8**

OPINION OF THE COURT BY HEEN, J.

Defendants–Appellants Associates Four, Charles Pietsch, Jr., Charles Pietsch III, John P. Spierling, and Jerry K. Seo (collectively Defendants) appeal from the judgment below.[1]  We affirm.

## I.

In an amended complaint filed on July 23, 1986, Plaintiffs–Appellees James Kahalepauole, Ruby Canon Cubi, Thomas Canon, Roy Canon, and Ronald Canon (Plaintiffs) alleged that they were the owners of the following four kuleanas[2] in the ahupua‘a[3] of Waimea (Waimea Valley) on the island of Oahu:

---

[1] Defendants–Appellants Charles Pietsch, Jr., Charles Pietsch III, John P. Spierling and Jerry K. Seo, are general partners of Defendant–Appellant Associates Four, doing business as Waimea Falls Park.

[2] A kuleana is a small plot of land whose ownership was awarded to Hawaiian applicants by the Hawaiian king in about 1850. *Palama v. Sheehan*, 50 Haw. 298, 299 n.1, 440 P.2d 95, 96 n.1 (1968).

[3] An ahupua‘a is a division of land running from the mountain to the sea. The division allowed the chief and the people to gather fuel, timber for canoes and mountain birds from the mountains, and fish and seaweed from the sea. *Id.* at 300, 440 P.2d at 97.

(1)   Royal Patent 2904, Land Commission Award 11231 apana 1 (1.87 acres) and apana 2 (2.865 acres) originally awarded to Kauki;

(2)   Royal Patent 2610, Land Commission Award 7419 containing .615 acres originally awarded to Kahakuapa; and

(3)   Land Commission Award 10461 containing 2.113 acres originally awarded to Niau.[4]

(Footnote added).

Plaintiffs alleged that they are the sole lineal descendants of one Ana Kahalepauole (Ana), who acquired the four kuleanas by a deed dated December 16, 1899. The complaint alleged that Defendants own almost all of the remainder of Waimea Valley, control the access to the kuleanas, and "are attempting to constructively possess Plaintiffs' property all without any right whatsoever." The complaint requested that Defendants be ejected from the kuleanas and enjoined from interfering with Plaintiffs' access to the kuleanas over ancient trails, or any right–of–way established by the court in this case.

Defendants' answer denied Plaintiffs' claim of title, admitted that Defendants own approximately 1800 acres in Waimea Valley, and claimed title to the kuleanas by adverse possession.

On May 27, 1988, Plaintiffs filed a motion for summary judgment (SJ Motion) with supporting documents, asking the court to hold that they own the Kahakuapa and Niau kuleanas. On June 2, 1988, Defendants filed a motion to dismiss Plaintiffs' claim of ownership of the Kauki kuleanas with prejudice (Motion To Dismiss) on the grounds that Plaintiffs had not established title to

---

[4] In the opinion, the kuleanas in Land Commission Award 11231 will be referred to as the Kauki kuleanas. The kuleanas in Land Commission Awards 7419 and 10461 will be referred to, respectively, as the Kahakuapa and Niau kuleanas.

them. The motions were heard on June 2, 1988, and the SJ Motion was granted.

The court did not rule on the Motion To Dismiss, but stated orally that since it was brought under Rule 41(b), Hawaii Rules of Civil Procedure (HRCP) (1980),[5] Plaintiffs would have to put on evidence of their title to the Kauki kuleanas or the court would have to grant the Motion To Dismiss. Plaintiffs' counsel then explained that Plaintiffs could not prove their title to the Kauki kuleanas. However, they believed that they were entitled to access to the Kauki kuleanas on the basis of an answer filed by Ana as a respondent in a 1923 land court proceeding to register title to the Waimea Valley lands, in which Ana claimed to own the four kuleanas. The court thereupon asked Plaintiffs' counsel if Plaintiffs were withdrawing their claim "to the access to the [Kauki kuleanas]." Plaintiffs' counsel stated that that was his intention, since Plaintiffs were relying solely on Ana's historical claim. However, Plaintiffs' counsel then stated that he would go to trial rather than have the complaint dismissed with prejudice.

The bench trial began on June 16, 1988. In his opening statement Plaintiffs' counsel said:

> This is an access case, Your Honor, not a quiet title case. My complaint seeks access to the four kuleanas, two they have already established by deed and by inheritance.

---

[5] Rule 41(b), Hawaii Rules of Civil Procedure (1980), provides in pertinent part:

(b) **Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

This morning what we are going to show is that Ana Kahalepauole . . . asserted a claim in Land Court proceedings when the ahupuaas [sic] at Waimea were submitted [for] registration in 1926 [sic].[6]

And that claim was felt to have such merit apparently that these two kuleanas were excluded, specifically excluded from the Land Court registration. The indication that it belongs to the heirs of Kauki.

\* \* \*

So we have a situation where although title to the two kuleanas are in question, it would appear my clients have at least a color of claim which in our opinion ought to be enough to warrant the Court's granting them access to those kuleanas until such time as superior title is established in anyone else through the quiet title action.

(Footnote added).

Defense counsel concurred that this "is not a title case but rather an access case." The thrust of defense counsel's opening statement was that, since Plaintiffs could not prove title to the Kauki kuleanas they were not entitled to access to them, and the only question before the court was the location of the right–of–way to the Kahakuapa and Niau kuleanas. Defense counsel also stated that Defendants had taken possession of one of the Kauki kuleanas and were paying the real property taxes on it. Defendants objected to Plaintiffs' suggestion that the court limit the trial to the question of whether Ana's historical claim entitled Plaintiffs to access to the Kauki kuleanas. Defense counsel stated, "[t]his is [Plaintiffs'] opportunity to prove [their] title. They cannot do so. [They] should not have a subsequent opportunity unless there is good cause." Defense counsel's opening statement does not support

---

[6] The record shows that the application for registration of the ahupua'a of Waimea was filed in 1923.

Plaintiffs' assertion that Defendants had acceded to the limited issue proposed by Plaintiffs' counsel.

At trial, Plaintiffs' evidence showed the following: in 1923 Mary Frances Van Valkenburg, Annie Elizabeth Mott–Smith, Oahu Railway and Land Company, and Hawaiian Land and Improvement Company filed Land Court Application No. 561 (Application) to register their title to land in Waimea Valley; an amended Application named Ana as a respondent, and alleged that she claimed an undivided interest in a portion of the land in Waimea Valley; on September 5, 1924, Ana filed an answer claiming to be the owner of the Kauki, Kahakuapa, and Niau kuleanas; on December 31, 1924, the registrar of the land court ordered the four kuleanas excluded from the Application; on January 17, 1925, the land court entered an order striking the four kuleanas from the Application; the land court decree of February 12, 1925, excluded the Kauki kuleanas from registration and indicated the owners to be "Heirs of Kauki."[7] Plaintiffs' evidence also showed that they and their ancestors had used an ancient trail over Defendants' land to visit all four kuleanas and to cultivate taro on the Kahakuapa and Niau kuleanas. Plaintiffs did not attempt to prove their title to the Kauki kuleanas, and Defendants did not introduce any evidence.

On November 10, 1988, the lower court entered "Second Amended Findings of Fact and Conclusions of Law." The trial court found, *inter alia*:

> 32. At trial, Plaintiffs did not try their claim to a right of way to Land Commission Award 11231, Apanas 1 and 2 on the basis of ownership by lineal descent. Instead, Plaintiffs asserted a right of way to Land Commission Award 11231, Apanas 1 and 2 based upon the "historical claim" made in the aforesaid Answer to the

---

[7] The record does not indicate the exclusion of the Kahakuapa and Niau kuleanas from the Application. We assume that they were.

Petition filed by Ana Kahelepauole [sic] in Land Court Application No. 561.

Finding of Fact no. 32. The court concluded:

> 6. An assertion of a right of way based on a "histori-cal claim" made in an Answer to a Land Court Applica-tion is not sufficient to support a legally enforceable claim for access to land whose ownership has not yet been determined; herein [the Kauki kuleanas].

Conclusion of Law no. 6.

An amended judgment (Judgment) was also entered on November 10, 1988. The Judgment held that Plaintiffs are the owners of the Kahakuapa and Niau kuleanas, and were entitled to a right–of–way to reach those lands. The Judgment established the route of Plaintiffs' right–of–way, and held that Plaintiffs were not entitled to a right–of–way to the Kauki kuleanas.[8]

Defendants have not appealed the course of the right–of–way as established by the lower court, and do not attack the lower court's findings of fact and conclusions of law. Instead they argue that the court should have held that Plaintiffs had no title to the Kauki kuleanas and granted judgment to Defendants, or, in the alternative, dismissed Plaintiffs' claim of title to the Kauki kuleanas with prejudice. Defendants request that we modify the findings and conclusions, or dismiss the claim with prejudice. We find no merit in Defendants' arguments.

II.

In our view, when Plaintiffs withdrew their claim of title and announced they would proceed only on the theory of an ancient

---

[8] At oral argument Defendants' counsel conceded that the right–of–way does in fact give access to the Kauki kuleanas.

claim, they were seeking to amend their complaint by narrowing its scope to exclude a claim of title. Finding no. 32 and Conclusion of Law no. 6 indicate that the court allowed the amendment. Consequently, a finding that Plaintiffs had no title to the Kauki kuleanas was unnecessary.

Defendants argue, however, that if the lower court is deemed to have amended the complaint, it abused its discretion in doing so. They contend that the procedure was improper and Plaintiffs' request to amend was untimely. We disagree.

Since Defendants had previously answered the complaint in this case, Rule 15(a), HRCP (1980), requires that Plaintiffs obtain the court's leave or Defendants' consent to amend. *Hirasa v. Burtner*, 68 Haw. 22, 702 P.2d 772 (1985). A request for leave to amend may be made at any time and is addressed to the sound discretion of the court. 6 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1484 (1990) (hereinafter cited as C. Wright & A. Miller). Leave should be freely granted in the absence of bad faith or dilatory actions, or undue prejudice to the opposing party. *Hirasa v. Burtner, supra.* Rule 15(a) does not prescribe any procedure for seeking leave to amend, and the request may be made orally in open court if the opposing party is present and is on notice of the nature and purpose of the request, and is given the same opportunity to object as if the motion had been formally made. C. Wright & A. Miller, § 1485.

Defendants argue that the case started as an ejectment action and Plaintiffs should not have been allowed to change the nature and theory of their complaint. However, courts have allowed amendments changing the nature and theory of a complaint, *e.g.*, *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), or electing a different remedy. *A.L.B. Theatre Corp. v. Loew's Inc.*, 21 F.R.D. 584 (D. Ill. 1957). Merely because the amended claim in this case was unique, and based upon grounds not before asserted in this or any other case, does not mean

Plaintiffs were precluded from pursuing it, or that the lower court abused its discretion in allowing the amendment.

The question here is whether Defendants were prejudiced by Plaintiffs' change in theory. C. Wright & A. Miller, § 1487. Defendants have failed to convince us that they were. Defendants were fully prepared for trial, knew the nature of the historical claim, and knew what evidence they would confront. Defendants were not required to change their theory, strategy, or tactics because of the amendment.

In an attempt to establish prejudice, Defendants contend that, although they did not seek to prove their title to the Kauki kuleanas in this case, they may wish to do so in the future by asserting their claim of adverse possession. A holding in this case that Plaintiffs have no legal title to the Kauki kuleanas would eliminate them as claimants and ease Defendants' future burden. In essence, Defendants seek the court's protection for their inchoate right to prove adverse possession. We know of no rule that requires the court to protect Defendants' claim before they have proved possession for the requisite period of time.

Moreover, the hostility to adverse possession claims, especially within the Hawaiian community, *see* Hirayasu, *Adverse Possession and Quiet Title Actions – Recent Constitutional Developments*, 19 Haw. B.J. 59 (1985), coupled with Defendants' reluctance to present their own evidence of adverse possession in this case, convinces us that the question of the entire legal title to the Kauki kuleanas should be resolved at a time when all claimants have had an opportunity to present their evidence of title.

Affirmed.

*Michael W. Gibson* (*James K. Mee*, appearance only; Ashford & Wriston, of counsel) for defendants–appellants.

*Yuklin Aluli* for plaintiffs–appellees.