**Electronically Filed
Supreme Court
SCWC-16-0000167
11-JAN-2022
08:03 AM
Dkt. 17 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

BERNET CARVALHO, Individually, and as Personal
Representative of the Estate of ROYDEN KALAVI, Deceased,
Petitioner/Plaintiff-Appellant,

vs.

AIG HAWAI'I INSURANCE COMPANY, INC.;
HAWAI'I INSURANCE CONSULTANTS, LTD.,
Respondents/Defendants-Appellees.

_____

SCWC-16-0000167

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000167; CIVIL NO. 07-1-294K)

JANUARY 11, 2022

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.

OPINION OF THE COURT BY WILSON, J.

## I. INTRODUCTION

This case arises from a dispute regarding payment of
uninsured motorist and underinsured motorist benefits to
Petitioners/Plaintiffs-Appellants Bernet Carvalho ("Carvalho"),
individually, and as Personal Representative of the Estate of
her deceased son. Petitioner argues before this court that the

Circuit Court of the Third Circuit ("circuit court")[1] (1) improperly precluded evidence and (2) improperly denied her Motion to Amend Complaint solely on the basis of undue delay.

We hold that the ICA did not err when it held that the circuit court was within its discretion to exclude evidence related to an unpleaded claim. To resolve the second issue before this court, we must consider whether, under Hawai'i Rules of Civil Procedure ("HRCP") Rule 15(a), undue delay alone is a sufficient basis to deny leave to amend a complaint. Consistent with the requirement of Rule 15(a) that leave be freely given to requests to amend a complaint, we hold that undue delay alone is an insufficient basis to deny leave to amend a complaint under HRCP Rule 15(a).

## II. BACKGROUND

On September 23, 2005, Royden Kalavi ("Royden") died as a passenger in an automobile accident. The other car and driver involved in the accident were uninsured. Carvalho contended that Royden was covered by his maternal grandparents John and Barbara Carvalho's ("the Carvalhos") insurance policy. The Carvalhos purchased their insurance policy from Respondents/Defendants-Appellees AIG Hawai'i Insurance Company, Inc. and Hawai'i Insurance Consultants, Ltd. (collectively "AIG").

---

[1] The Honorable Ronald Ibarra presided.

Carvalho was designated as the personal representative of Royden's estate and made a claim for uninsured motorist ("UM") and underinsured motorist ("UIM") benefits under the Carvalhos' AIG policy, stating that Royden was covered as a "resident relative." AIG told Carvalho that only non-stacked UM and UIM coverages totaling $70,000 were available to Royden under the Carvalhos' AIG policy and stated that it had not determined whether Royden was covered under the Carvalhos' AIG policy as a "resident relative."

Carvalho filed a Complaint against AIG on December 31, 2007 with the circuit court seeking a declaratory judgment for increased and stacked UM and UIM insurance coverage totaling $1.2 million under the Carvalhos' AIG policy arguing that AIG improperly failed to recognize that stacked UM and UIM coverages totaling $1.2 million were available to her.

On March 11, 2008, AIG filed a motion requesting that the circuit court stay the case pending the resolution of a separate declaratory judgment action filed by AIG. AIG filed a separate action against, inter alia, Carvalho, the Carvalhos, Royden's father ("Kalavi"), and any other identified parties to determine who, including Royden, was covered under the Carvalhos' AIG policy and who was covered under Kalavi's AIG policy. The circuit court granted the stay on April 15, 2008.

3

The parties resolved AIG's declaratory judgment action by stipulated judgment filed on July 16, 2008.  The parties stipulated that Royden was covered as a resident "family member" under the Carvalhos' AIG policy but not under Kalavi's AIG policy.  Following the stipulated judgment, the parties submitted to private UM/UIM arbitration to resolve the value of the loss sustained by Royden's estate, Carvalho, and Kalavi as provided under the Carvalhos' AIG policy if the parties did not agree on "the amount of damages."  The case was continued pending a resolution by arbitration per the stipulation of the parties.  On April 2, 2009, an arbitration award totaling $3 million[2] in damages was issued, with $500,000 awarded to Royden's estate, $1.25 million to Carvalho, and $1.25 million to Kalavi.  On April 29, 2009, AIG transmitted two checks to Carvalho totaling $1.2 million as payment under the Carvalhos' combined UM and UIM policy limits.

Following the arbitration award, the case remained dormant for multiple years[3] until November 1, 2013, when the circuit court filed a Notice of Status Hearing.  On June 25, 2014, Plaintiff Carvalho filed a Notice of Trial Setting Status

---

[2]     The $3 million damage award included no deductions for any other insurance.

[3]     As the ICA noted, the reason why the case remained dormant is unclear from the record.

4

Conference, and the circuit court set a trial date of January 12, 2016, and set all pretrial deadlines, including a discovery cut-off date of November 13, 2015.

AIG sought to preclude "any and all evidence and argument from being presented to the jury at the time of trial in furtherance of [Carvalho's] unpled claim that [AIG] somehow breached a duty to settle the underlying UM and UIM claim . . . prior to the issuance of the UM/UIM Arbitration Award" on June 12, 2015.[4] AIG asserted that Carvalho did not make a bad faith claim in her initial Complaint and that such allegations were time-barred because seven years since the filing of Carvalho's original Complaint and five years since the UM/UIM arbitration had passed. On August 12, 2015, the circuit court orally granted AIG's Motion to Preclude Evidence.

On August 10, 2015, Plaintiff Carvalho filed a Motion to Amend Complaint. Carvalho's motion did not include further causes of action but included significant additional factual allegations and assertions that AIG "deliberately, deceptively, unfairly, and/or in bad faith unreasonably delayed their payment of $1.2 million in UM and UIM benefits to [Carvalho] from at

---

[4]    The ICA stated that "AIG's motion was apparently brought in response to a settlement conference statement filed by Carvalho on February 6, 2015, and a discovery request on or around June 8, 2015, which made reference to what AIG characterized as a previously unpled claim that AIG had acted in bad faith for its failure to tender the policy limits to Plaintiff Carvalho prior to the UM/UIM arbitration award."

least on or about April 16, 2007 until after the April 2, 2009 Arbitration Award was issued[.]" The circuit court denied Carvalho's Motion to Amend Complaint due to "undue delay."[5]

Relevant to this appeal, before the ICA, Carvalho asserted that the circuit court erred when it: (1) granted AIG's Motion to Preclude Evidence and (2) when it denied Carvalho's Motion to Amend Complaint. The ICA affirmed the circuit court's Order Precluding Evidence and Order Denying Motion to Amend Complaint. The ICA agreed with Carvalho that AIG's Motion to Preclude Evidence was a motion in limine, but held that that the circuit court did not abuse its discretion when it granted AIG's Motion to Preclude Evidence "because it appropriately prohibited Plaintiff Carvalho from introducing evidence not related to her Complaint." The ICA also held that the circuit court did not abuse its discretion when it denied Carvalho's Motion to Amend Complaint because Carvalho "had waited multiple years to request leave to amend her Complaint,

---

[5] Carvalho also filed "Plaintiff's Motion for Reconsideration, and/or clarification, and in the alternative, for leave to file an interlocutory appeal pursuant to HRS § 641-1(b) (2011), of the Order Denying Plaintiffs' Motion to Amend Complaint" ("Motion for Reconsideration"). The circuit court denied the Motion for Reconsideration because "1) there is no new matter or evidence that could not have been presented to Judge Melvin Fujio and 2) as an alternative, the petition was filed beyond the 30 day period required to file an interlocutory appeal[.]" The ICA affirmed the circuit court's Order Denying Reconsideration. The Motion for Reconsideration is not before this court and will not be addressed in this opinion.

and her motion was based on information that she had access to since 2008[.]"

### III. STANDARDS OF REVIEW

#### A. Motion to Preclude Evidence/Motion in Limine

> The granting or denying of a motion in limine is reviewed for abuse of discretion.  The denial of a motion in limine, in itself, is not reversible error.  The harm, if any, occurs when the evidence is improperly admitted at trial.  Thus, even if the trial court abused its discretion in denying a party's motion, the real test is not in the disposition of the motion but the admission of evidence at trial.

Kobashigawa v. Silva, 129 Hawai'i 313, 320, 300 P.3d 579, 586 (2013) (citing State v. Eid, 126 Hawai'i 430, 440, 272 P.3d 1197, 1207 (2012) (quoting Miyamoto v. Lum, 104 Hawai'i 1, 7, 84 P.3d 509, 515 (2004) (internal quotation marks, citations, and ellipsis omitted))).

"An abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  Hart v. Ticor Title Ins. Co., 126 Hawai'i 448, 455, 272 P.3d 1215, 1222 (2012) (quoting Allstate Ins. Co. v. Pruett, 118 Hawai'i 174, 179, 186 P.3d 609, 614 (2008)).

#### B. Motion to Amend Complaint

"This court reviews a denial of leave to amend a complaint under HRCP Rule 15(a) or (b) under the abuse of discretion standard."  Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008) (citations

omitted).  See also Seki ex rel. Louie v. Hawai'i Gov't Emps. Ass'n, AFSCME Local No. 152, AFL-CIO, 133 Hawai'i 385, 400, 328 P.3d 394, 409 (2014).  The trial court abuses its discretion if its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.  The operative question is whether the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant. Kamaka, 117 Hawai'i at 104, 176 P.3d at 103.

## IV. DISCUSSION

Carvalho raises two primary issues before this court: (1) whether the circuit court properly precluded evidence related to an unpleaded claim and (2) whether the circuit court properly denied Carvalho's Motion to Amend Complaint solely on the basis of undue delay.  As discussed below, the ICA did not err when it held that the circuit court was within its discretion to grant AIG's Motion to Preclude Evidence.  However, the ICA did err when it held that the circuit court did not abuse its discretion when it denied Carvalho's Motion to Amend Complaint solely on the basis of undue delay.  We now hold that undue delay alone is an insufficient basis for denying leave to amend a complaint.

**A.    The ICA did not err when it upheld the circuit court's grant of AIG's Motion to Preclude Evidence.**

8

Carvalho does not appeal the ICA's conclusion that AIG's Motion to Preclude Evidence is a motion in limine. Thus, the issue before this court is whether the circuit court properly excluded evidence. A motion in limine is "a procedural device which requests a pretrial order enjoining opposing counsel from using certain prejudicial evidence in front of a jury at a later trial." See Kobashigawa, 129 Hawai'i at 321, 300 P.3d at 587. We have held that a circuit court may properly deny a motion in limine where the motion is "akin to a motion for summary judgment or other dispositive motion." O'Grady v. State, 140 Hawai'i 36, 53 n.16, 398 P.3d 625, 642 n.16 (2017); see also Kuroda v. Kuroda, 87 Hawai'i 419, 427, 958 P.2d 541, 549 (App. 1998) (stating that "a motion in limine is not an authorized method for presenting issues involving genuine issues of fact (in contrast to stipulated facts, questions of law, and matters of discretion) to the court for decision"); Kawakami v. Kahala Hotel Investors, LLC, 142 Hawai'i 507, 521-22, 421 P.3d 1277, 1291-92 (2018).

Here, the claim made in Carvalho's Complaint was that AIG had initially failed to recognize the increased stacked UM/UIM policy limits due to her under the Carvalhos' AIG policy. AIG's Motion to Preclude Evidence on the other hand was seeking to "preclude[e] any and all evidence and argument from being presented to the jury at the time of trial in furtherance of

9

[Carvalho's] unpled claim that [AIG] somehow breached a duty to settle the underlying UM and UIM claim . . . prior to the issuance of the UM/UIM Arbitration Award."  Thus, the bad faith claim was not a part of Carvalho's Complaint and not before the court.  Consequently, the circuit court properly excluded "any and all evidence and argument from being presented to the jury at the time of trial in furtherance of [Carvalho's] unpled claim that [AIG] somehow breached a duty to settle the underlying UM and UIM claim . . . prior to the issuance of the UM/UIM Arbitration Award" because it was not relevant to the issue of whether AIG had initially failed to recognize the increased stacked UM/UIM policy limits due to her under the Carvalhos' AIG policy.  As the ICA noted, at the time of the Motion to Preclude Evidence, Carvalho had not filed her Motion to Amend Complaint which included her bad faith claim.  When the circuit court granted the Motion to Preclude Evidence, only Carvalho's claims in her Complaint were at issue.  Thus, the circuit court did not abuse its discretion when it granted AIG's Motion to Preclude Evidence.

**B.    The ICA erred when it held that the circuit court did not abuse its discretion when it denied Carvalho's Motion to Amend Complaint.**

Carvalho's second point of error that the circuit court erred in denying her Motion to Amend Complaint, is

governed by HRCP Rule 15(a)(2).[6]  HRCP Rule 15(a) provides that prior to trial, "leave shall be freely given when justice so requires":

> (a) **Amendments before trial.**
>
> . . . .
>
> (2) OTHER AMENDMENTS.  In all other cases, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  A motion or stipulation to amend a pleading shall be accompanied by the proposed amended pleading in Ramseyer formatting (additions underscored and deletions bracketed and stricken).  A party filing or moving to file an amended pleading shall reproduce the entire pleading as proposed and shall not incorporate any part of the prior pleading by reference, except with leave of court.  If granted or allowed, the amended pleading shall be filed, with Ramseyer formatting removed, and served forthwith.

HRCP Rule 15(a)(2).  This court has held that "unless there is an apparent reason indicating otherwise, under HRCP Rule 15(a), leave to amend shall be freely given to a party to amend its complaint when justice so requires."  Dejetley v. Kaho'ohalahala, 122 Hawai'i 251, 269, 226 P.3d 421, 439 (2010) (citation and internal quotation marks omitted).  We have further explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules requires, be "freely given."

---

[6]    Carvalho contends in the alternative that HRCP Rule 15(b)(1) applies to her Motion to Amend, which governs "issues tried by consent" for amendments during and after trial.  Carvalho's reliance on Rule 15(b)(1) is misplaced as her Motion to Amend was filed prior to trial and therefore HRCP Rule 15(a), which governs amendments made before trial, applies.  See HRCP Rule 15(a).

Gonsalves v. Nissan Motor Corp. in Hawai'i, 100 Hawai'i 149, 160, 58 P.3d 1196, 1207 (2002); see also Kamaka, 117 Hawai'i at 112, 176 P.3d at 111 (affirming an order denying a motion to amend complaint because the trial court had justifiable reasons for denying the motion); Hirasa v. Burtner, 68 Haw. 22, 26, 702 P.2d 772, 775 (1985); Bishop Trust Co. v. Kamokila Dev. Corp., 57 Haw. 330, 337, 555 P.2d 1193, 1198 (1976) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

In its opinion, the ICA noted that "[u]pon review of the record and arguments of the parties, it appears that reasonable minds could differ as to whether Plaintiff Carvalho was entitled to amend her complaint pursuant to HRCP Rule 15(a)":

> On one hand, the motion was filed approximately three months prior to the discovery cut-off date and five months prior to trial, which was by no means prompt, but not as late into the court deadlines as other cases where our appellate courts have determined undue delay provided justifiable reason to deny a request to amend a complaint or answer.

Ultimately, the ICA concluded that the circuit court did not abuse its discretion in denying Carvalho's Motion to Amend Complaint because it had "justifiable reasons," namely undue delay:

> Here, Plaintiff Carvalho's motion to amend was filed approximately seven and a half years after her Complaint had been filed, more than six years after the UM/UIM Arbitration award was issued and the stay in this case had expired, and almost one and a half years after she had filed her pretrial statement, which made no reference or mention of the previously unpled allegations. Also, Plaintiff Carvalho has stated, both to the circuit court and now on appeal, that the additional factual allegations alleged in her proposed First Amended Complaint were based on the claim handling conduct documented in AIG's claim file documents that AIG had produced in discovery on May 1, 2008, and

12

correspondence between her counsel and AIG's counsel. This indicates that Plaintiff Carvalho was aware of the circumstances pertaining to her proposed amended complaint as early as 2008, and yet chose not to request leave to amend her Complaint until multiple years after the arbitration award was issued and the stay in this case had expired.

The ICA erred in its conclusion that undue delay alone was a sufficient basis to deny the Motion to Amend Complaint brought pursuant to HRCP Rule 15(a). As this court has held, HRCP Rule 15(a) is "functionally identical" to Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP") and "[w]here a Hawai'i rule of civil procedure is identical to the federal rule, the interpretation of this rule by federal courts is highly persuasive." Dejetley, 122 Hawai'i at 270, 226 P.3d at 440 (quoting Fed. Home Loan Mortg. Corp v. Transamerica Ins. Co., 89 Hawai'i 157, 162 n.1, 969 P.2d 1275, 1280 n.1. (1998)). We agree with the Ninth Circuit Court of Appeals that undue delay alone is an insufficient basis for denying leave to amend a complaint under FRCP Rule 15(a). See United States v. United Healthcare Ins. Co., 848 F.3d 1161, 1184 (9th Cir. 2016) (holding that the district court erred when it denied leave to amend complaint based on undue delay alone when the record did not support any additional grounds--such as prejudice or bad faith--that would justify the denial of leave to amend in combination with undue delay); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001).

13

As applied in this case, the circuit court relied solely on undue delay when it denied Carvalho's Motion to Amend Complaint and did not provide support for any additional grounds such as prejudice or bad faith.  Thus, based on this record, under HRCP Rule 15(a), the circuit court should have granted Carvalho's Motion to Amend Complaint.

## V.  CONCLUSION

For the foregoing reasons, the ICA was correct to conclude that the circuit court did not abuse its discretion when it granted AIG's Motion to Preclude Evidence.  However, the ICA incorrectly concluded that under HRCP Rule 15(a), Carvalho could not amend her Complaint due to undue delay.  We reiterate that under HRCP Rule 15(a), leave to amend a complaint shall be freely given and now also hold that undue delay alone is an insufficient basis for denying leave to amend a complaint.  The ICA's December 23, 2020 judgment on appeal is accordingly affirmed in part and vacated in part.  This case is remanded to the circuit court for proceedings consistent with this opinion.

| | |
|---|---|
| Arthur Y. Park, (Patricia Kim Park, Travis A. Yu, and Lionel D. Meyer on the briefs) for petitioner | /s/ Mark E. Recktenwald<br><br>/s/ Paula A. Nakayama<br><br>/s/ Sabrina S. McKenna |
| Steven L. Goto for respondents | /s/ Michael D. Wilson<br><br>/s/ Todd W. Eddins |

