**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000019
18-MAR-2025
07:51 AM
Dkt. 86 SO**

NO. CAAP-22-0000019


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MARK FUKUDA, Plaintiff-Appellant, v.
GEICO INSURANCE CORPORATION, Defendant-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-21-0000390)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, McCullen and Guidry, JJ.)

Self-represented Plaintiff-Appellant Mark **Fukuda** appeals from the Circuit Court of the First Circuit's June 27, 2022 Final Judgment in favor of Defendant-Appellee **Geico** Insurance Corporation.[1]

According to Fukuda's complaint, he was involved in a two-car accident in a parking lot. Fukuda and the other driver exchanged phone numbers and insurance information; both were

---

[1] The Honorable Jeffrey P. Crabtree presided.

Geico indicates the caption is incorrect and should read Geico Indemnity Company rather than Geico Insurance Corporation.

insured by Geico but Fukuda did not have collision coverage under his policy. A Geico representative determined that Fukuda "was half liable for the accident." Fukuda declined Geico's settlement and indicated he would sue instead.

Fukuda filed a complaint naming Geico as the defendant and alleging (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) fraud, and (4) intentional infliction of emotional distress.

Geico moved for summary judgment, which the circuit court granted. Fukuda appeals, asserting he was not allowed to amend his complaint.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and vacate and remand.

Fukuda contends the circuit court "erred in misrepresenting that I didn't have the right to amend the pleading as discussed at the hearing for the" motion for summary judgment. Fukuda argues that the circuit court "should have allowed for me to amend the pleading[,]" relying on Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 14(a).

---

[2] Fukuda asserts a second point of error challenging the granting of summary judgment on his fraud claim. Based on our decision, we need not reach this point.

However, HRCP Rule 14(a) is inapplicable here because it applies when a "defendant may bring in [a] third-party" and Fukuda was the plaintiff – not the defendant - in the underlying case. (Emphasis omitted.)

HRCP Rule 15(a)(1) explains, before trial, a party may amend a pleading "once as a matter of course at any time before a responsive pleading is served[.]" Otherwise, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . ." HRCP Rule 15(a)(2).

The Hawaiʻi Supreme Court has held that "unless there is an apparent reason indicating otherwise, under HRCP Rule 15(a), leave to amend shall be freely given to a party to amend its complaint when justice so requires" and "undue delay alone is an insufficient basis for denying leave to amend a complaint[.]" Carvalho v. AIG Hawaiʻi Ins., 150 Hawaiʻi 381, 385, 386, 502 P.3d 482, 486, 487 (2022) (citation omitted).[3]

"This court reviews a denial of leave to amend a complaint under HRCP Rule 15(a) or (b) under the abuse of

---

[3] But see Fed. Home Loan Mortg. Corp. v. Transamerica Ins. Co., 89 Hawaiʻi 157, 162, 969 P.2d 1275, 1280 (1998) (explaining that "federal courts have observed that '[a] motion for leave to amend is not a vehicle to circumvent summary judgment'") (quoting Schlacter-Jones v. Gen. Tel., 936 F.2d 435, 443 (9th Cir. 1991) and Coplin v. Conejo Valley Unified School Dist., 903 F. Supp. 1377, 1388 (C.D. Cal. 1995) ("It is generally inappropriate to grant leave to amend a complaint while summary judgment is pending.")).

discretion standard."  Id. at 384, 502 P.3d at 485 (citation omitted).  And abuse of discretion occurs when the circuit court has "disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  Id. (internal quotation marks and citations omitted).

Here, Fukuda filed his complaint on March 26, 2021. Fukuda did not file an amended complaint before Geico filed its answer, and he does not cite to where in the record he requested leave to file an amended complaint before the December 9, 2021 hearing on Geico's motion for summary judgment.

During the December 9, 2021 hearing on Geico's motion for summary judgment, Fukuda and the circuit court discussed filing an amended complaint:

> THE COURT:  . . . . My point is you seem to be arguing that [defense counsel] is blocking you from suing the insured because you don't have her address.  You don't need her address to sue her.  So that makes no sense.
>
> MR. FUKUDA:  Okay.  Well, now I'll do it to paper then.
>
> . . . .
>
> MR. FUKUDA:  And I can still get the -- I can still get everything done.  I can file for the first amended.  I have that all written up already.  I have everything written up.  It's just that we had to sit here today so I decided just, you know, I mean, there's no sense to file all kinds of papers if there's a MSJ blocking it, I mean, possibly.

(Emphases added.)

The circuit court noted, "we've talked about you bringing a claim against the driver at the last hearing, so

4

nothing's happened since then." Fukuda then asserted, "I have it all written up. It's already ready. If you like proof, I can email it to you." The circuit court responded, "No. The point is what's in the record as of now."

The circuit court orally granted Geico's motion at the end of the hearing.

According to the docket list for the underlying case, the prior hearing was on November 2, 2021, about a month before the December 9, 2021 hearing on Geico's motion for summary judgment.[4]

Thus, it appears the circuit court relied on Fukuda's failure to file an amended complaint between the November 2, 2021 and December 9, 2021 hearings in denying Fukuda leave to amend his complaint; in other words, the circuit court relied on undue delay. Applying the supreme court's determination that undue delay alone is insufficient to deny leave to amend a complaint, and taking into account Fukuda's self-represented status as well as the lack of information as to how the complaint would be amended, we hold the circuit court abused its discretion. See Carvalho, 150 Hawaiʻi at 386, 502 P.3d at 487.

---

[4] A transcript for the November 2, 2021 hearing is not part of the record on appeal. See Hawaiʻi Rules of Appellate Procedure Rule 10(b)(1)(A) (providing that appellant must request transcripts when raising a point requiring "consideration of the oral proceedings before the court appealed from").

Because we remand this case, Fukuda is returned to the same position he was in before the alleged error occurred, which was before the circuit court granted Geico's motion for summary judgment.  See Gurrobat v. HTH Corp., 135 Hawaiʻi 128, 134, 346 P.3d 197, 203 (2015) (citing Nelson v. Univ. of Hawaiʻi, 99 Hawaiʻi 262, 267, 54 P.3d 433, 438 (2002)).

Based on the foregoing, we vacate the circuit court's January 7, 2022 order granting Geico's motion for summary judgment and June 27, 2022 Final Judgment.  We remand this case to the circuit court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, March 18, 2025.

On the briefs:

Mark Fukuda,
Plaintiff-Appellant, pro se.

J. Patrick Gallagher,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge