STATE OF HAWAII, Plaintiff-Appellee, *v.* MYRA S. MIYASHIRO, Defendant-Appellant

NO. 8344

(D. C. NO. CT5)

JUNE 25, 1982

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE TSUKIYAMA
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY HEEN, J.

Defendant appeals from her conviction in a non-jury trial for the offense of Negotiating a Worthless Negotiable Instrument in violation of § 708-857, Hawaii Revised Statutes (HRS) (1976, as amended). For the reason that the trial was not held in the proper district in violation of the requirement of venue we reverse.

On appeal, defendant advances five questions for our consideration. However, since we find there was reversible error in regard to the first question, we will not discuss the others.

The question we find dispositive is:

WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR NEW TRIAL OR IN THE ALTERNATIVE FOR JUDGMENT OF ACQUITTAL ON THE GROUND OF FAILURE TO PROVE VENUE.

Defendant was tried by the court in the District Court of Ewa[1] on an oral charge of negotiating a worthless instrument within the City and County of Honolulu.

The evidence showed that defendant conducted a business on Colburn Street in Kalihi. At her place of business, which is in the district of Honolulu, she delivered the check to her landlord. The landlord presented the check for payment to the drawee, American Security Bank, in Kaimuki, also in the district of Honolulu, where it was dishonored. Defendant resides in Kaimuki. The only connection between the incident and the district where the trial was held was that the complaining witness lives in Aiea, which is within the Ewa District.

After having obtained three orders enlarging the time for filing thereof, defendant filed a Motion For New Trial Or In The Alternative For Judgment Of Acquittal. The grounds of the motion were stated as being the inapplicability of HRS § 708-857 (1976) to the

---

[1] The boundaries of the districts within the State of Hawaii are established by section 4-1, Hawaii Revised Statutes (1976).

facts of the case, insufficiency of the evidence, and failure of the trial court to admit certain evidence. In a supplemental memorandum in support of her motion, defendant for the first time raised the argument of improper venue. The court denied the motion holding that defendant had waived her objection to venue.

The general rule is that the right to be tried in the county or district where the offense was committed, whether granted by statute or constitution, is a personal privilege that may be waived. 21 AM. JUR.2d 363, *Criminal Law,* § 364 (1981). The rule in the Federal Court is that the right is a personal and technical one that may be waived. *See Harper v. United States,* 383 F.2d 795 (1967); *United States v. Choate,* 276 F.2d 724 (1960).

However, the provision of the Hawaii State Constitution and the Hawaii Penal Code regarding venue are more detailed than the United States Constitution[2] and impose more stringent requirements on the government in a criminal case with regard to venue. Article I, section 14 of the Hawaii State Constitution reads:

> RIGHTS OF ACCUSED
>
> Section 14. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the district wherein the crime shall have been committed, at which district shall have been previously ascertained by law, *or of such other district to which the prosecution may be removed with the consent of the accused;* . . . [underscoring added.]

HRS, section 701-114 (1976), reads:

> § 701-114. Proof beyond a reasonable doubt. (1) Except as otherwise provided in section 701-115, *no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:*
>
>   .   .   .   .
>
> (b) *Facts establishing venue;* and
> . . . [underscoring added.]
>   .   .   .   .

While the right under the State Constitution may still be personal, the language of section 14 elevates it above a mere privilege.

---

[2] The Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, . . ."

The consent of the defendant is affirmatively required before he may be tried in a district other than that in which the crime was committed. In addition, the language of the penal code clearly places the burden on the prosecution of proving venue beyond a reasonable doubt.

The prosecution argues that defendant's failure to object to venue was a waiver and the court below so ruled.[3] Such reasoning renders the language of the constitution requiring consent superfluous. The language clearly requires an affirmative act on defendant's part indicating knowing and intelligent waiver.[4] Since the government, under HRS § 701-114 (1976), must *prove venue* beyond a reasonable doubt, the defendant may choose, if he wishes, to allow the government to proceed with all of its evidence and in the end seek acquittal on the basis of the government's failure to do so. This is no more than the defendant has the right to do with regard to any element of the crime with which he is charged. We do not believe that, under the language of the State Constitution and the penal code, waiver can be implied.[5]

Rule 29, Hawaii Rules of Penal Procedure (HRPP) (1977) provides, in subparagraph (a), that, ". . . The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. . . ."

There is a complete lack of evidence in this case tending to prove venue. The government had failed to meet its burden and defendant was entitled to be acquitted. Even if defendant had not made

---

[3] *"The Court:* Alright, [sic] the Court is ready to rule . . . . As to the question of venue, the Court at this time will deny the request. The Court feels there was a waiver, unless I'm overruled by the Intermediate Court of Appeals, I believe there was a waiver in this particular instance. Motion is denied. The Court at this time will deny the motion for new trial at this time, and also deny the motion for judgment of acquittal. You may note your appeal." *Transcript,* July 8, 1981, pp. 12, 13.

[4] *Cf. Miranda v. Arizona,* 384 U.S. 436 (1966).

[5] We are aware of HRS § 806-18 (1976) relating to the authority of the court to order a change of venue at any time in a criminal proceeding as justice may require; however, that provision cannot prevail against the plain language of the State Constitution and the requirement of the penal code.

any motion, the court was required to acquit defendant under Rule 29, HRPP (1977).

Reversed.

*Norman H. Suzuki (William L. Goo* with him on the brief) for defendant-appellant.

*Arthur E. Ross (Josie T. Bayudan* on the brief), Deputy Prosecuting Attorneys, City and County of Honolulu, for plaintiff-appellee.