909 P.2d 1112

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Lawrence Taehyo KWAK,
Defendant–Appellant.**

**No. 17929.**

Supreme Court of Hawai'i.

Dec. 21, 1995.

Alexa D.M. Fujise, Deputy Prosecuting Attorney, Honolulu, for plaintiff-appellee State of Hawai'i on the motion and reply.

Keith M. Kiuchi of Kiuchi Nakamoto & Ahu, Honolulu, for defendant-appellant Lawrence Taehyo Kwak on the answer.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

LEVINSON, Justice.

On motion for reconsideration, filed on September 11, 1995, of our opinion in *State v. Kwak*, 80 Hawai'i 291, 909 P.2d 1106 (1995) [hereinafter, *Kwak I*], vacating the defendant-appellant Lawrence Taehyo Kwak's convictions of driving under the influence of intoxicating liquor and crossing longitudinal traffic markings and remanding for an order granting his motion for judgment of acquittal, the plaintiff-appellee State of Hawai'i (the prosecution) urges that *Kwak I* "misapprehended the law regarding proof of venue in criminal cases tried in district court." Having failed to achieve infallibility, despite our best efforts, we confess in this instance that our analytical arrow in *Kwak I* missed the bull's-eye and make the following remedial observation: "If someone made a mistake he [Darrow] would drawl, 'Hell, that's why they make erasers.'" I. Stone, *Clarence Darrow for the Defense* (1941), *reprinted in* D. Shrager and E. Frost, *The Quotable Lawyer* 99 (1986).[1]

In its motion for reconsideration, the prosecution contends that: (1) "venue," as described in Hawai'i Rules of Penal Procedure (HRPP) Rule 18 (1993), is not the same "venue" that must be established beyond a reasonable doubt under Hawai'i Revised Statutes (HRS) § 701–114(1)(d) (1993), which—according to the prosecution—simply requires the prosecution to prove that a given offense occurred within the circuit in which the matter is tried; (2) the language of HRS §§ 4–1(3)(A) and (B) (1993), delineating

---

1. Clarence Darrow's folk wisdom aside, we discourage the reflexive filing of frivolous motions for reconsideration pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 40 (1995). Such motions, which all too often merely regurgitate arguments already advanced in the briefs or lament that the appellate court declined to buy into the movant's thought process, clog the dockets of the appellate courts and needlessly delay the processing of other pending appeals. Although HRAP 40 motions for reconsideration can be well taken, as in the present case, they nevertheless should not be a *routine* facet of attorneys' tactical arsenals.

the district boundary separating the districts of Honolulu and 'Ewa on the island of O'ahu, is clear, unambiguous, and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; (3) this court, through its rule-making power, has the authority to clarify the divisional boundaries set forth in Schedule A annexed to HRPP 18; and, (4) in any event, the trial testimony of Honolulu Police Officer Christine Thomas established that the offenses of which Kwak was convicted were committed, at least in part, within the Honolulu Division where he was tried.

Notwithstanding that we do not agree with all of the prosecution's contentions, but for the reasons stated below, we vacate those portions of *Kwak I* inconsistent with this opinion and hold (1) that the boundary separating the districts of Honolulu and 'Ewa, as described in HRS § 4–1(3) and Schedule A, is not inherently ambiguous, but, rather, can be proved through testimony of reputation in the community and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, (2) that, in the face of Kwak's oral motion for a judgment of acquittal on the ground of evidentiary insufficiency as to venue, made after the prosecution rested its case-in-chief, the district court committed an abuse of discretion in allowing the prosecution to reopen its case in order to receive four certified State tax maps into evidence for the purpose of allowing the prosecution to remedy the evidentiary defect, (3) that the district court's error was harmless because it could have taken judicial notice of the tax maps, and (4) that the district court's finding that venue properly lay in the Honolulu district was supported by substantial evidence.

Accordingly, we grant the prosecution's motion for reconsideration and affirm both the district court's order denying Kwak's motion for a judgment of acquittal and its consequent judgment of conviction as to the charged offenses. Moreover, in order to avoid needless conflicts over venue in future criminal cases tried in the district courts, we

have amended HRPP 18, by order filed on December 20, 1995, and effective immediately, to provide, *inter alia*, that, when trials are "to be had in the district court, *venue is within the judicial circuit established by statute*" (amended language emphasized).[2] Thus, after December 20, 1995, venue in any criminal matter tried in the district courts of this state will properly lie in any district within the judicial circuit in which the district court is located or to which venue is lawfully transferred.

## I. *DISCUSSION*

HRS § 701–114(1)(d) imposes on the prosecution the burden of proof beyond a reasonable doubt regarding "[f]acts establishing venue." *Kwak I*, 80 Hawai'i at 294, 909 P.2d at 1109; *State v. Puaoi*, 78 Hawai'i 185, 189, 891 P.2d 272, 276 (1995); *State v. Black*, 66 Haw. 530, 531, 668 P.2d 32, 33–34 (1983). Until December 20, 1995, while "prosecution shall be had in the circuit in which the offense or any part of it was committed[,]" venue has lain only in the division of the district court, "as set out in Schedule A annexed to [the HRPP], in which the offense or any part of it was committed, or if no court is in operation in said division, in the district court designated to serve that division within the same circuit." HRPP 18. *Cf.* District Court Rules of Civil Procedure Rule 3(b), *supra* note 2. Schedule A annexed to HRPP 18 enumerates the divisions in which cases from the various districts are to be tried. The enumerated districts are the same as those identified in HRS § 4–1.

A. *In Kwak I, This Court Did Not Misapprehend The Statutes And Court Rule Governing The Establishment Of Proper Venue.*

The prosecution's contention that the legislature has "considered the ... geographic boundaries of the [d]istrict [c]ourts[,] which were coextensive with those of their respective [c]ircuit [c]ourts, to be synonymous with venue" ignores the plain language of HRS §§ 701–114(1)(c) and (d), HRPP 18, and the historical distinction between jurisdiction and

---

**2.** In this respect, we have harmonized HRPP 18 with District Court Rules of Civil Procedure Rule 3(b) (1995), which provides that "[t]he venue of

an action is within the judicial circuit established by statute."

venue. The prosecution correctly argues that there is but one district court for each judicial circuit, *see* HRS § 604-1 (1993),[3] and that any district court has jurisdiction over the trial of any offense committed within its circuit. *See* HRS § 604-11.5 (1993).[4] But the fact that each district court possesses circuit-wide *jurisdiction* does not resolve the issue, because jurisdiction and *venue* are not synonymous.

"Jurisdiction" refers to "the power of the court to decide a matter in controversy and presupposes the existence of a duly constituted court with control over the subject matter and the parties." *Black's Law Dictionary* 853 (6th ed. 1990); *see also Kim Poo Kum v. Sugiyama,* 33 Haw. 545, 555 (1935) ("jurisdiction is the power to adjudicate a case upon the merits and dispose of it as justice may require"). By contrast, "[v]enue does not refer to jurisdiction at all"; rather, it designates "[t]he particular ... geographical area[ ] in which a court with jurisdiction may hear and determine a case." *Black's Law Dictionary* at 1557; *see also* HRPP 18. Thus, "[t]he requirements of jurisdiction are grounded in the state's inherent judicial power[,] while requirements of venue are grounded in convenience to litigants." *Alamida v. Wilson,* 53 Haw. 398, 400, 495 P.2d 585, 588 (1972).

HRS §§ 701-114(1)(c) and (d) impose on the prosecution both the burden of proving "facts establishing jurisdiction" *and* the burden of proving "facts establishing venue" beyond a reasonable doubt in every criminal case. "The words of a law are generally to be understood in their most known and usual signification, without attending so much to the literal and strictly grammatical construction of the words as to their general or popular use or meaning." HRS § 1-14 (1993). Accordingly, "[i]t is a generally accepted rule of statutory construc-

tion that unless it appears by the context or otherwise in the statute a different sense was intended, words are to be given their ordinarily accepted meaning." *Hirasa v. Burtner,* 68 Haw. 22, 25, 702 P.2d 772, 775 (1985) (citations omitted). Were we to accept the prosecution's suggestion that the terms "jurisdiction" and "venue" are synonymous for purposes of construing HRS §§ 701-114(1)(c) and (d), then one subsection or the other would be superfluous or surplusage. Nothing in the language, context, or underlying history of the statute implies such a legislative intent, and we decline to infer one. *See State v. Ortiz,* 74 Haw. 343, 351-52, 845 P.2d 547, 551-52, *reconsideration denied,* 74 Haw. 650, 849 P.2d 81 (1993) ("[C]ourts are bound to give effect to all parts of a statute, and ... no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute." (Citation omitted.)) We therefore ascribe the "most known and usual signification" to the term "venue," as employed in HRS § 701-114(1)(d).

B. *Although The Legislature Has Authorized The District Courts To Determine Where Sessions Will Be Conducted, It Has Not Empowered Them To Define District Boundaries.*

HRS § 604-1 grants the district courts the authority to determine where sessions are to be held within their respective circuits, but it does not grant them the authority to determine district boundary lines. *See supra* note 3. HRS § 604-7.3 (1993) establishes that venue in criminal cases, over which the district courts have jurisdiction, involving offenses committed in one circuit may be changed to the district court of another circuit.[5] Correlatively, HRS § 604-

3. HRS § 604-1 provides in relevant part that "[t]here shall be established in each of the judicial circuits of the State a district court" and that "[t]he district courts shall hold sessions at such places in their respective circuits and as often as the respective district judges deem essential to the promotion of justice."

4. HRS § 604-11.5 provides that "[t]he several district courts shall have jurisdiction, except as

otherwise provided, of all criminal offenses cognizable under the laws of the State, committed within their respective circuits or transferred to them for trial by change of venue from some other district court."

5. HRS § 604-7.3, entitled "Change of venue," provides in relevant part that "any district court may, in its discretion, upon the consent of all parties to any ... criminal case pending in the

11.5 (1993) confirms that district courts have jurisdiction over criminal cases "transferred to them for trial by change of venue from some other district court." *See supra* note 4.

■ However, HRS chapter 604 (1993) is silent as to where venue lies in the first instance. In other words, it does not establish venue in any particular division of a district court. Rather, venue—*i.e.*, "the particular geographical area in which a court with jurisdiction may hear and determine a case"—is delineated in HRPP 18, which has provided in relevant part that venue lies in the division of the district court that serves the district "in which the offense or any part of it was committed[.]" Schedule A annexed to the HRPP provides generally that the boundaries of each district are "as set forth in section 4–1 of the Hawai'i Revised Statutes, as amended." HRS § 4–1(3)(A) demarcates as the Honolulu district that portion of the island of O'ahu "from Makapu'u Head in Maunalua to Moanalua inclusive, and the islands not included in any other district[.]" Thus, the Honolulu division of the district court serves the Honolulu district. However, even though HRS § 4–1(3)(A) describes the boundaries of the Honolulu district, the prosecution must obviously adduce evidence to prove that a particular criminal offense, or any part of it, occurred within the district. HRS § 701–114(1)(d).

C. *The Boundary Separating The Honolulu And 'Ewa Districts, As Described In HRS § 4–1(3) And Schedule A Annexed To The HRPP, Is Not Inherently Ambiguous, But, Rather, Can Be Proved Through Testimony Of Reputation In The Community.*

At trial, Officer Thomas testified that the charged offenses "began just under the Ala Kapuna overpass on Moanalua [freeway]." More particularly, as we noted in *Kwak I*, 80 Hawai'i at 292, 909 P.2d at 1107, Officer Thomas first observed Kwak driving in the 'Ewa direction on Moanalua freeway as she drove underneath the Ala Kapuna overpass. At the time, Officer Thomas's vehicle was approximately 100 to 150 feet "directly behind" Kwak's vehicle. When she first saw Kwak's vehicle, Kwak had not yet reached the Hālawa Prison off-ramp; the off-ramp was "probably 3 times the road down on the right-hand side" from where she initially spotted Kwak. Kwak was "maybe [a] couple hundred feet" past the Red Hill area at that point.

Of particular significance to the present matter is the fact that Officer Thomas expressly opined on direct examination that the Ala Kapuna overpass was located within the Honolulu district of the City and County of Honolulu. On cross-examination, she clarified that her opinion was based upon her "experience," "map books that [she had] been given and the map books that were given to [her] in training and all the information that [she had] gotten from [her] station," all of which informed her that the Hālawa prison off-ramp constituted a point on the 'Ewa boundary of the Honolulu district. *See Kwak I*, 80 Hawai'i at 292 n. 1, 296 n. 7, 909 P.2d at 1114 n. 1, 1118 n. 7.

In *Kwak I*, we held that because, "in cases such as this, in which material events occur at locations that virtually straddle the apparent boundary lines separating judicial districts, ... the language of HRS § 4–1(3) [is] inherently ambiguous," *id.* at 295, 909 P.2d at 1110,

> Officer Thomas's testimony that the offenses in question occurred within the district of Honolulu ... is incompetent as a matter of law. Logically, this must be the case because: (1) pursuant to Hawai'i Rules of Evidence (HRE) Rule 602 [ (1993) ], testimony by witnesses must be based on personal knowledge; and (2) personal knowledge of the boundaries of the Honolulu district is impossible to attain where, as in cases such as this, there has been no showing that official district boundaries possessing sufficient specificity exist. Thus, Officer Thomas's testimony, wholly independent of the matter of credibility, is simply not probative regarding venue.

*Id.* at 296, 909 P.2d at 1111 (footnotes omitted).

■ In its motion for reconsideration, the prosecution argues that Officer Thomas's testimony was competent, admissible, and probative of "facts establishing venue." On

court, change the venue to the district court of some other circuit[.]"

reflection, and because the prosecution's argument has support both in the HRE and certain case law of this court relating to real property, we agree.

HRE 803(b)(20) (1993) allows, as an exception to the rule against hearsay, evidence of "boundaries" to be proved by reputation. Specifically, HRE 803 provides in relevant part:

> **Hearsay exceptions; availability of declarant immaterial.** The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> (b) Other exceptions.
>
> . . . .
>
> (20) Reputation concerning boundaries or general history. *Reputation* in a community, arising before the controversy, *as to boundaries of* or customs affecting *lands* in the community, and reputation as to events of general history important to the community or state or nation in which located.

(Emphases added.) The commentary on HRE 803(b)(20) notes the following:

> This exception is identical with Fed. R.Evid. 803(20). The admission of reputation evidence of land boundaries and events of general history as an exception to the hearsay rule has a firm foundation in traditional common law.
>
> In Hawai'i this form of reputation evidence, especially as it applies to property disputes, has been accorded judicial approbation and admitted as "kamaaina testimony." Based upon judicial recognition that Hawai'i's land laws are unique in that they

are based on ancient tradition, custom, practice, and usage, the courts have admitted and given great weight to "kamaaina testimony." . . .

> The present exception incorporates the Hawai'i common law principle of kamaaina testimony as it applies to land disputes and extends it further to "events of general history." Such an extension of the rule is justified by the same circumstantial assurances of trustworthiness as those applicable to testimony relevant to land issues.

(Citations omitted.) [6]

It appears that, in the past, reputation evidence of boundaries has been utilized in this jurisdiction only in land dispute cases. *See, e.g., In re Application of Ashford,* 50 Haw. 314, 440 P.2d 76 (1968); *In re Boundaries of Kapahulu,* 5 Haw. 94 (1883); *In re Boundaries of Pulehunui,* 4 Haw. 239 (1879). However, HRE 803(b)(20) is broad enough that reputation evidence relevant [7] to issues pertaining to land boundaries may be admissible in other contexts. *Cf. McCormick on Evidence* § 322 (J. Strong 4th ed. 1992) ("When the location of boundaries of land is at issue, reputation evidence is admitted to prove that location."). Once admitted, the weight and effect of such reputation evidence is, of course, a matter to be determined by the trier of fact. *See State v. Aplaca,* 74 Haw. 54, 66, 837 P.2d 1298, 1305 (1992) (" '[i]t is for the trial judge as factfinder to assess credibility of witnesses . . . and to resolve all questions of fact; the factfinder may accept or reject any witness' testimony in whole or in part.' " (quoting *Lono v. State,* 63 Haw. 470, 473, 629 P.2d 630, 633 (1981)); *see also State v. Irebaria,* 55 Haw. 353, 356, 519 P.2d

---

6. Professor Bowman sheds further light on the significance of "reputation evidence":

> What is "reputation"? The term is used in [HRE 803(b)(20)] (boundaries or general history) . . . but is not defined in the rules. The federal advisory committee's note puts it this way: "[W]hen the topic is such that the facts are likely to have been inquired about and that persons having personal knowledge have disclosed facts which have thus been discussed in the community . . . the community's conclusion, if any has been formed, is likely to be a trustworthy one."

A. Bowman, *Hawai'i Rules of Evidence Manual* 353 (1990) (some ellipsis points in original).

7. HRE 401 (1993) defines "relevant evidence" to mean "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." HRE 402 (1993) provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawai['i, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible."

1246, 1248–49 (1974) ("The concept of relevance ... does not encompass standards of sufficiency.... It is often said that a brick is not a wall.... The sufficiency standard should apply only when all the bricks of individually insufficient evidence are in place and the wall is itself tested.").

■ On the record before us, we hold that Officer Thomas's testimony regarding the 'Ewa boundary of the Honolulu district, being probative of "facts establishing venue" within the meaning of HRS § 701–114(1)(d), was relevant and admissible under HRE 803(b)(20).

D. *In The Face Of Kwak's Oral Motion For A Judgment Of Acquittal On The Ground Of Evidentiary Insufficiency As To Venue, Made After The Prosecution Rested Its Case–In–Chief, The District Court Committed An Abuse Of Discretion In Allowing The Prosecution To Reopen Its Case In Order To Receive Four Certified State Tax Maps Into Evidence For The Purpose Of Enabling The Prosecution To Remedy The Evidentiary Defect.*

After Officer Thomas (who was the only witness at Kwak's trial) concluded her testimony, the prosecution rested its case. As we noted in *Kwak I*, 80 Hawai'i at 292–93, 909 P.2d at 1107–1108, Kwak then moved for a judgment of acquittal[8] on the ground that the prosecution had failed to prove venue. The prosecution argued, in opposition to the motion, that Officer Thomas's initial observation and pursuit of Kwak's vehicle had oc-

curred within the Honolulu district and requested that the district court take judicial notice that the area "just beyond" the Ala Kapuna overpass was within that district. The district court continued the case for further hearing, at which time the prosecution requested that the court take judicial notice of four certified State tax maps showing that the Ala Kapuna overpass was located within the Honolulu district.

The district court expressed its view that Kwak was "absolutely right" that Officer Thomas's observations had taken place "very close to the ... boundary" between the Honolulu and 'Ewa districts, but nevertheless declined to take judicial notice of the tax maps. Acknowledging that "venue ... must be proven beyond a reasonable doubt," and over Kwak's objection, the district court instead permitted the prosecution to reopen its case-in-chief in order to allow the tax maps to be received into evidence, explaining that it "would not allow [the prosecution] to reopen for any other substantive matter." It was only after receiving the tax maps into evidence as exhibits—and examining them in light of Officer Thomas's testimony—that the district court found that it had no reasonable doubt regarding venue, denied Kwak's motion for a judgment of acquittal, and convicted him of the charged offenses.

■ As a general matter, "permitting or disallowing a party to reopen its case for the purpose of submitting additional evidence is a matter within the discretion of the trial court" and is subject to review for abuse of discretion. *Territory v. Rutherford,* 41 Haw. 554, 558 (1957).[9] "The trial court abuses its

8. HRPP 29(a) (1981) provides in relevant part:
The court on motion of a defendant or of its own motion *shall* order the entry of judgment of acquittal of one or more offenses alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense of offenses.
(Emphasis added.)

9. In *Rutherford,* the defendant moved for a dismissal of the charge, after the prosecution rested its case, on the ground that there was a failure of proof as to a material element of the charged offense. The trial court allowed the prosecution to reopen its case in order to remedy the defect. The *Rutherford* court held in relevant part as follows:
The defendant ... personally and expressly waived trial by jury and as a result of her

doing so had placed the trial judge in the position of having to pass upon the credibility of the witnesses and their testimony, the sufficiency of the evidence and whether from all of it the trial judge was, or was not, convinced beyond a reasonable doubt of the guilt of the defendant. In such a position the trial judge naturally wanted to and should have had for consideration all available evidence which might be material and competent. Under the circumstances, it was not an abuse, but a proper exercise of discretion, to permit the prosecution to reopen its case and introduce further evidence after having rested.
*Rutherford,* 41 Haw. at 558–59. The foregoing reasoning was implicitly disapproved in *State v. Black,* 66 Haw. 530, 668 P.2d 32 (1983), and *State v. Miyashiro,* 3 Haw.App. 229, 647 P.2d

discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." *State v. Furutani,* 76 Hawai'i 172, 179, 873 P.2d 51, 58 (1994) (citations and internal quotation marks omitted).

Given the basis of our disposition of *Kwak I,* we deemed it unnecessary to address Kwak's contention that the district court erroneously received the tax maps into evidence after the close of the prosecution's case. *Kwak I,* 80 Hawai'i at 296 n. 8, 909 P.2d at 1111 n. 8. In light of our reconsideration, however, we must confront the issue now.

We have acknowledged that "[t]he plain language of HRS § 701–114 sets forth all of the elements, *including venue,* that must be proven, beyond a reasonable doubt, in order for a person to be convicted of an offense" and that, pursuant to HRS § 701–114(2), "[i]n the absence of proof of venue, 'the innocence of the defendant is presumed.'" *Puaoi,* 78 Hawai'i at 189, 891 P.2d at 276 (footnote omitted) (emphasis added). Moreover, in light of the plain language of HRPP 18 and HRS § 701–114(1)(d), we have held that a defendant has "every right to wait until the [prosecution] ha[s] presented its case before moving for acquittal on the grounds that the [prosecution] ha[s] not proved [the] necessary element" of venue and to be acquitted by virtue of evidentiary insufficiency. *Black,* 66 Haw. at 531–32, 668 P.2d at 33–34. In *Black,* we relied on *State v. Miyashiro,* 3 Haw.App. 229, 647 P.2d 302, *cert. denied,* 65 Haw. 683 (1982), in which the Intermediate Court of Appeals held that

> [s]ince the government, under HRS § 701–114 ..., must *prove venue* beyond a reasonable doubt, the defendant may choose, if he wishes, to allow the government to proceed with all of its evidence and in the end seek acquittal on the basis of the government's failure to do so. *This is no more than the defendant has the right to do with regard to any element of the crime with which he is charged....*
>
> ....
>
> ... The government ... failed to meet its burden and [the] *defendant was entitled*

302, *cert. denied,* 65 Haw. 683 (1982), and we

> *to be acquitted. Even if [the] defendant had not made any motion, the court was required to acquit [the] defendant under [HRPP] 29....*

*Miyashiro,* 3 Haw.App. at 232–33, 647 P.2d at 304–05 (some emphasis in original and some added).

It is apparent from the record in this appeal that the district court allowed the prosecution to reopen its case-in-chief for the purpose of enabling the latter to overcome Kwak's motion for judgment of acquittal by augmenting the testimony of Officer Thomas, which, while probative of the issue, the district court, as the trier of fact, deemed insufficient to overcome the presumption of innocence and establish the "element" of venue beyond a reasonable doubt. Were this not the case, there would have been no reason for receiving the tax maps into evidence, and the district court could simply have denied Kwak's motion for a judgment of acquittal at the close of the prosecution's case and convicted him of the charged offenses based solely on Officer Thomas's testimony.

■ When the district court ignored its mandatory obligation under HRPP 29, *see supra* note 8, to grant Kwak the acquittal, to which he was entitled, *see Black* and *Miyashiro, supra,* on the basis of perceived evidentiary insufficiency regarding venue, and, by reopening the case, enabled the prosecution to adduce further evidence of facts establishing venue beyond a reasonable doubt, *see* HRS § 701–114(1)(d), it "assume[d] the role of an advocate" for the prosecution, *see State v. Hutch,* 75 Haw. 307, 327, 861 P.2d 11, 21 (1993) (quoting *State v. Schutter,* 60 Haw. 221, 222, 588 P.2d 428, 429 (1978), *reh'g denied,* 60 Haw. 677, 588 P.2d 428 (1979)), to Kwak's substantial detriment. We hold that this was an abuse of discretion and therefore constituted error.

E. *The District Court's Error Was Harmless Because It Could Have Taken Judicial Notice Of The Tax Maps.*

■ Notwithstanding the district court's abuse of discretion, it is well settled that error

expressly reject it now.

306

"is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes whether there is a reasonable possibility that error might have contributed to conviction."

*State v. Holbron*, 80 Hawai'i 27, 32, 904 P.2d 912, 917 (1995) (quoting *State v. Heard*, 64 Haw. 193, 194, 638 P.2d 307, 308 (1981)). If the answer to the "real question" is "no," then the error is harmless. HRPP 52(a) (1994).

As we have indicated, in opposing Kwak's motion for a judgment of acquittal, the prosecution argued that Officer Thomas's testimony regarding her initial observation and pursuit of Kwak had occurred within the Honolulu district, thus proving "facts establishing venue," and requested that the district court take judicial notice that the area "just beyond" the Ala Kapuna overpass was within the district. If, in the context of the prosecution's request, the district court could then and there have taken judicial notice of the four certified State tax maps, then there could be no reasonable possibility that the subsequent improper receipt of the tax maps into evidence could have contributed to Kwak's eventual conviction, and the error would be harmless.

HRE 201 (1993) provides in relevant part:

**Judicial notice of adjudicative facts.**
(a) Scope of rule. This rule governs only judicial notice of adjudicative facts.

(b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(c) When discretionary. A court may take judicial notice, whether requested or not.

(d) When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.

. . . .

(f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding. . . .

"Adjudicative" facts "are the kind of facts that are ordinarily decided by the trier of fact; for example, who did what to whom, when, where, how, and why." *Puaoi*, 78 Hawai'i at 190, 891 P.2d at 277. Professor Bowman has analyzed HRE 201 in the following fashion:

Judicial notice is a procedural device which dispenses with the need for evidence and enables a court to declare the existence of a relevant fact. The criterion for a fact to be judicially noticed is that it "be one not subject to reasonable dispute." Rule 201(b). The judicial notice proponent can satisfy this requirement of indisputability by persuading the court that the fact to be noticed "is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(b). . . .

A. Bowman, *Hawai'i Rules of Evidence Manual* 27 (1990).

This court has held that judicial notice may be taken of "information on [an] official [State] tax map as information capable of certain verification," *i.e.*, as capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Nuuanu Neighborhood Ass'n v. Department of Land Utilization*, 63 Haw. 444, 452, 630 P.2d 107, 112 (1981). *Cf. Puaoi, supra* (on appeal, judicial notice taken, in reliance on published atlas, of fact that particular highway was located entirely within Moloka'i district of second judicial circuit, thus proving facts establishing venue beyond a reasonable doubt); *State v. Lum*, 8 Haw. App. 406, 807 P.2d 40, *cert. denied*, 72 Haw. 619, 841 P.2d 1075 (1991) (approving judicial notice of fact that Kahalu'u is in the Ko'olau Poko district of first judicial circuit).

██ Our examination of the four tax maps confirms that the area "just beyond" the Ala Kapuna overpass on the Moanalua

freeway is, indeed, within the Honolulu district. The information reflected on the maps is "capable of certain verification" and thus a legitimate subject of judicial notice under HRE 201. *Nuuanu Neighborhood Ass'n, supra.* Accordingly, the district court could have taken judicial notice of the tax maps, and the fact that it erroneously received them into evidence instead supplied no additional information and could not, in itself, reasonably have contributed to Kwak's conviction. *Holbron,* 80 Hawai'i at 32, 904 P.2d at 917. We therefore hold that the fact that the district court erroneously permitted the prosecution to reopen its case was harmless.

F. *The District Court's Finding That Venue Properly Lay In The Honolulu District Was Supported By Substantial Evidence.*

 When ruling upon a motion for a judgment of acquittal, the trial court must view the evidence in the light most favorable to the prosecution, recognizing fully the authority of the trier of fact to weigh the evidence and assess the credibility of witnesses. An appellate court employs the same standard of review. *State v. Pone,* 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995).

In the present matter, the district court was the trier of fact, and this court must accord full recognition of the trial court's authority to weigh the evidence, including reasonable inferences to be drawn therefrom, and to assess the credibility of witnesses. Thus, the test on review is not whether the venue "element" was established beyond a reasonable doubt, but "whether there was substantial evidence to support the trier of fact." *Id.; State v. Okumura,* 78 Hawai'i 383, 403, 894 P.2d 80, 100 (1995). " 'Substantial evidence' as to every material element of the charged offenses is credible evidence that is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." *Pone,* 78 Hawai'i at 265, 892 P.2d at 458; *Okumura,* 78 Hawai'i at 403, 894 P.2d at 100.

Thus, in the present appeal, the question is whether the evidence of "facts establishing venue," *see* HRS § 701–114(1)(d), was of sufficient quality and proba-

tive value to enable the district court to support the conclusion that the charged offenses, or any part of them, occurred within the Honolulu district of the first judicial circuit. Contrary to *Kwak I,* we hold that the testimony of Officer Thomas, as supplemented by the information reflected in the four certified State tax maps, which the district court admitted into evidence after erroneously permitting the prosecution to reopen its case, but of which the district court could have taken judicial notice pursuant to HRE 201, constituted substantial evidence supporting "facts establishing venue" with respect to the charged offenses.

## II. CONCLUSION

For the foregoing reasons, the prosecution's motion for reconsideration of *Kwak I* is granted, and all portions thereof that are inconsistent with this opinion are vacated. Accordingly, we affirm both the district court's order denying Kwak's motion for a judgment of acquittal and the consequent judgment of conviction as to the charged offenses. Moreover, we have amended HRPP 18, by order filed on December 20, 1995, to provide, *inter alia,* that, when trials are "to be had in the district court, venue is within the judicial circuit established by statute." Thus, venue in any criminal matter tried in the district courts of this state will properly lie in any district within the judicial circuit in which the district court is located or to which venue is lawfully transferred.