No. 2--96--0911

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Kane County.

)

Plaintiff-Appellee, )

) No. 95--CF--2591

v. )

)

ANTONIO C. LEVARIO, ) Honorable

) Philip L. DiMarzio,

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE RATHJE delivered the opinion of the court:

Defendant, Antonio Levario, appeals his conviction of unlawful delivery of a controlled substance within 1,000 feet of school property (720 ILCS 570/407(b)(2) (West 1994)).  Defendant argues that his conviction must be reversed because the only evidence establishing that the delivery was within 1,000 feet of school property was inadmissible hearsay.  We agree.

Defendant was charged with (1) unlawful delivery of a controlled substance within 1,000 feet of school property (count I) and (2) unlawful delivery of a controlled substance (count II) (720 ILCS 570/401(d) (West 1994)).  At trial, the evidence established that defendant was accountable (see 720 ILCS 5/5--2 (West 1994)) for the sale of $40 worth of cocaine to two undercover police officers.  The sale occurred at an apartment complex.  A fence runs along the rear of the complex, approximately 205 feet from where the sale occurred.  Behind the fence is a large open field.  Somewhere in the large open field are a high school and its football field.  One police officer testified that the fence marked the boundary for the school's property.  The officer later admitted that he did not actually know where the property line was.  A second officer, the school's liaison officer, testified that the fence was the boundary.  During cross-examination, the liaison officer admitted that he knew this only because it is what the school administrators had told him.  The trial court denied defendant's motion to strike the liaison officer’s testimony.

The jury found defendant guilty of both counts.  After denying defendant's motion for a new trial, the trial court entered judgment on count I and sentenced defendant to four years' imprisonment.  Defendant filed a timely notice of appeal.

Defendant does not contest that the State produced sufficient evidence to prove him guilty of unlawful delivery of a controlled substance.  Instead, he contends that the only evidence that the State produced to prove that the delivery was within 1,000 feet of school property was inadmissible hearsay and that, once that evidence is excluded, insufficient evidence remains to support his conviction.  We agree.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted.  
People v. Simms
, 143 Ill. 2d 154, 173 (1991).  Unless hearsay falls within an exception, it is inadmissible. 
People v. Grano
, 286 Ill. App. 3d 278, 294 (1996).  Here the State attempted to prove the location of the school’s property with testimony from the liaison officer that the school administrators had told him where the property boundary was.  This is a classic example of hearsay.  As such, it should have been excluded unless the State demonstrated that the testimony fell within an exception to the hearsay rule.

The State has presented no argument, either in the trial court or on appeal, that the liaison officer’s testimony falls within an exception to the hearsay rule.  Therefore, we must conclude that the liaison officer’s testimony was inadmissible hearsay and that the trial court should have granted defendant’s motion to strike.

Instead of arguing that the liaison officer’s testimony was admissible, the State contends that it was not obligated to prove the exact location of the property line.  Although we agree that the State does not have to prove the exact location of the boundary, the State does have to prove that the drug sale occurred within 1,000 feet of school property.

Once the liaison officer’s testimony is excluded, the State’s remaining evidence proves only that a school, which cannot be seen from the complex, and its football field are somewhere beyond the fence and that the fence is approximately 205 feet from where the drug sale occurred.  The State presented no competent evidence to prove that a school building was within 1,000 feet of the drug sale or that the school owned any of the land between the school facilities and the fence.  Since the State failed to produce this evidence, we must conclude that the evidence is insufficient to support a conclusion that the sale occurred within 1,000 feet of school property.

We therefore exercise our power under Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)) and reverse defendant’s conviction of unlawful delivery of a controlled substance within 1,000 feet of school property; enter judgment on count II, unlawful delivery of a controlled substance; and remand the cause for resentencing on count II.

Reversed and remanded.

COLWELL, J., concurs.

JUSTICE DOYLE, dissenting:

I respectfully disagree that the State failed to prove that the controlled substance was delivered within 1,000 feet of school property.  In essence, Officer Kilbourne testified that, in his capacity as a school liaison officer, he was familiar with the boundaries of the school grounds.  He knew that the grounds extended to the football stadium and track and ended at the line of a fence which was maintained by the school to enclose the stadium and track area.  It is undisputed that the drug transaction occurred 205 feet beyond that fence.

The majority holds that the officer’s testimony concerning the fenced boundary was inadmissible hearsay.  Presumably, then, the only way the State could have met its burden in proving the location of this public property for these purposes was by introducing a plat and the testimony of a land surveyor.  I disagree.

In my view, the trial court correctly admitted the officer’s testimony under a commonly applied, but rarely discussed, exception to the hearsay rule, 
i.e.
, that evidence of common repute is admissible to prove the location of boundary lines.

It has been recognized that “the hearsay evidence rule, as applied to evidence of boundaries, is now subject in this country to such broad exceptions as almost to be vitiated. *** The rule now generally established in the United States *** is that evidence of common repute is admissible as to the location of a private, as well as a public, boundary line.” [Citations.] 12 Am. Jur. 2d 
Boundaries
 §106 (1964).  See also 12 Am. Jur. 2d 
Boundaries
 §112 (1997).

This form of hearsay exception, has a firm foundation in traditional common law (
State v. Kwak
, 80 Haw. 297, 303, 909 P.2d 1112, 1118 (Haw. 1995)), and it is embodied in Federal Rule of Evidence 803 (20), stating that evidence of the following is not excluded by the hearsay rule, even though the declarant is available as a witness: “Reputation in a community, arising before the controversy, as to boundaries of or customs affecting lands in the community ***.”  Fed. R. Evid. 803 (20).  See also 2 J. Strong, McCormick on Evidence, §322, at __ (4
th
 ed. 1992) 
(“When the location of boundaries of land is at issue, reputation evidence is admitted to prove that location”).

This principle has been recognized by our supreme court in an early case.  “The location of a town lot may be fixed by the witness from hearsay or common repute, independent of any plat.”  
Judson v. Glos
, 249 Ill. 82, 85 (1911).

An everyday application of this principle in criminal cases is when, to prove venue, a witness is asked to identify the county in which a crime occurred.  It is generally understood that persons living in the community would be familiar, albeit by hearsay, with  where the county’s boundaries are located.  See 
People v. Jones
, 6 Ill. 2d 252, 254 (1955).  The same could be said for allowing “common knowledge by repute” testimony as to the location of various public places in the neighborhood, 
e.g.
, where Elm Street runs, where the church parking lot is, etc.  Such testimony is justified by the same circumstantial assurances of trustworthiness inherent in other types of common knowledge by repute.  See 
State v. Kwak
, 909 P.2d 1112, 1117-19.  

It is my position that the same exception should apply to 
prima facie
 testimony as to the location of the high school football field which is enclosed by a fence, particularly when the testimony is by a witness who is required to know the school grounds as part of his employment duties.  We should not require the production of plats and surveyors in these cases unless there is an actual dispute concerning whether the boundary was more than 1,000 feet from the drug transaction.  See 
State v. Alston
, 111 N.C. App. 416, 432 S.E.2d 385 (1993), where testimony substantially identical to the testimony here was held to be competent and sufficient to prove the element of proximity of a drug sale to school grounds, although the analysis did not focus upon the hearsay issue.

Whether predicated on adopting Federal Rule of Evidence 803(20) or by carrying forward a principle already rooted in the common law, I believe the trial court’s ruling to admit the testimony in question as 
prima facie
 evidence of the school’s boundary should be upheld.