STATE OF HAWAl'l, Plaintiff-Appellee,
v.
ALEXANDER MALCOLM LUKA, Defendant-Appellant.
No. 28971
Intermediate Court of Appeals of Hawaii.
February 11, 2009.
On the briefs:
Mary Ann Barnard, for Defendant-Appellant.
Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding J., NAKAMURA, and FUJISE, JJ.
Defendant-Appellant Alexander Malcolm Luka (Luka) appeals from the judgment entered by the District Court of the First Circuit[1] (district court) on December 21, 2007, as amended on December 31, 2007, convicting and sentencing him for operating a vehicle under the influence of an intoxicant (OVUII) in violation of Hawaii Revised Statutes (HRS) § 291E-61 (a) (3) (2007).[2]
Luka contends that:
(1) Insufficient evidence of jurisdiction and venue was adduced by Plaintiff-Appellee State of Hawai'i (State), inasmuch as (a) he adduced substantial authority to cast doubt upon the State's legitimacy and jurisdiction to prosecute aboriginal Hawaiians, and (b) the testimony at trial indicated that the location of the offenses allegedly committed by Luka straddled the boundary lines between the Honolulu and `Ewa judicial districts and the district court "was silent, making no findings of fact or conclusions of law as to either the jurisdiction or venue elements of the offense"; and
(2) He received ineffective assistance of counsel because his trial counsel (a) refused to assist him in preparing and filing a requested pre-trial motion to dismiss the case for lack of jurisdiction based on the illegal overthrow of the Kingdom of Hawai'i, claiming that there was no good-faith basis for such a motion; (b) failed to withdraw from representing Luka when it became clear that Luka desired a jurisdictional defense that trial counsel stated he could not ethically advance; (c) engaged in hybrid representation by arranging for Luka to argue, pro se, the motion to dismiss for lack of jurisdiction, without any knowing, intelligent, and voluntary waiver by Luka of his right to representation by counsel; and (d) failed to move for a judgment of acquittal at the close of evidence.
Upon carefully reviewing the record and the briefs submitted by the parties and having duly considered the arguments advanced and the issues raised, as well as the relevant statutory and case law, we vacate the judgment, as amended, and remand for a new trial.

A.
There is no merit to Luka's arguments regarding jurisdiction and venue. See State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004) (holding that "the State of Hawai'i has lawful jurisdiction over all persons operating motor vehicles on public roads or highways within the State of Hawai'i" and that "[p]ersons claiming to be citizens of the Kingdom of Hawai'i and not of the State of Hawai'i are not exempt from the laws of the State of Hawai'i applicable to all persons (citizens and non-citizens) operating motor vehicles on public roads and highways within the State of Hawai'i"); and State v. Kwak, 80 Hawai'i 297, 307, 909 P.2d 1112, 1122 (1995) (holding that "venue in any criminal matter tried in the district courts of this state will properly lie in any district within the judicial circuit in which the district court is located or to which venue is lawfully transferred").

B.
We need not address Luka's claim that his trial counsel was ineffective because, as the State acknowledges, the record indicates that when Luka stipulated to the elements of the OVUII offense, which is tantamount to a guilty plea, the district court failed to obtain an on-the-record waiver by Luka of his constitutional rights to confront the witnesses against him and have the State prove every element of the offense beyond a reasonable doubt, contrary to State v. Murray, 116 Hawai'i 3, 12, 169 P.3d 955, 964 (2007), and State v. Casey, 51 Haw. 99, 100-02, 451 P.2d 806, 808-09 (1969). Accordingly, we vacate the judgment entered by the district court on December 21, 2007, as amended on December 31, 2007, and remand this case for a new trial.
NOTES
[1] The Honorable William A. Cardwell presided.
[2] HRS § 291E-61 (a) (3) provides as follows:

Operating a vehicle under the influence of an intoxicant. (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
. . . .
(3) With .08 or more grams of alcohol per two hundred ten liters of breath[.]