**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000674**
**16-DEC-2025**
**08:39 AM**
**Dkt. 92 SO**

NO. CAAP-24-0000674

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RUSTY MAKUE, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-23-0000136)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Guidry, JJ.)

Defendant-Appellant Rusty Makue (**Makue**) appeals from the Judgment of Conviction and Sentence entered on September 23, 2024, by the Family Court of the First Circuit (**Family Court**).[1]

On February 15, 2023, Plaintiff-Appellee State of Hawai'i (**State**) charged Makue with nine counts of abuse, as follows: Counts 1 through 3, Abuse of Family or Household Members, in violation of Hawaii Revised Statutes (**HRS**) § 709-906(1) and (10);[2] and Counts 4 through 9, Abuse of Family

---

[1] The Honorable Paul B.K. Wong presided.

[2] HRS § 709-906 (2022 Supp.) provides, in relevant part:

> (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). . . .
>
> . . . .
>
> (10) Where physical abuse occurs in the presence of a minor, as defined in section 706-606.4, and the minor is a

(continued...)

or Household Members, in violation of HRS § 709-906(1) and (5). Each count arose from an alleged separate instance of abuse against the complaining witness (**CW**).

Following a May 3, 2024 bench trial, Makue was convicted on Count 1 as charged. On June 17 and 20, 2024, the Family Court conducted a bench trial on Counts 2 through 4. After the State rested its case, Makue moved for a judgment of acquittal as to Counts 2 through 4. The State then asked the court to reconsider an earlier ruling not to admit certain photographic exhibits into evidence. The court granted the request only as to State's Exhibit 34, a photograph allegedly depicting CW's bruised forehead, which the court admitted into evidence. The court then granted the motion for judgment of acquittal as to Counts 3 and 4, and denied it as to Count 2. After the defense rested, Makue was convicted on Count 2 as charged.[3]

On appeal, Makue contends that the Family Court erred by: (1) "reopen[ing] evidence after the State rested and after Makue had moved for judgment of acquittal as to Counts 2-4"; (2) "adjudg[ing] Makue guilty because the evidence was insufficient to support guilt beyond a reasonable doubt in Count 1"; and (3) "adjudg[ing] Makue guilty because the evidence was insufficient to support guilt beyond a reasonable doubt in Count 2."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Makue's contentions as follows, and affirm.

(1) Makue argues that the Family Court erred or otherwise abused its discretion by reopening evidence and admitting State's Exhibit 34 after Makue moved for judgment of acquittal as to Counts 2 through 4. Specifically, Makue argues

---

[2] (...continued)
family or household member less than fourteen years of age, abuse of a family or household member is a class C felony.

[3] On September 3, 2024, the Family Court granted the State's motion for nolle prosequi without prejudice as to Counts 5 through 9.

that Exhibit 34 was necessary to link the "alleged acts and dates in question[,]" and the Family Court improperly reopened evidence for the purpose of overcoming Makue's motion for judgment of acquittal.

Generally, "permitting or disallowing a party to reopen its case for the purpose of submitting additional evidence is a matter within the discretion of the trial court and is subject to the abuse of discretion standard." State v. Christian, 88 Hawaiʻi 407, 417, 967 P.2d 239, 249 (1998) (quoting State v. Kwak, 80 Hawaiʻi 297, 304-05, 909 P.2d 1112, 1119-20 (1995)).

At trial on Counts 2 through 4, CW testified that she participated in an in-person interview with HPD Detective Sherry Nakasone on February 13, 2023, but could not recall the details. She did recall going over photographs that she had on her phone with Detective Nakasone. CW identified State's Exhibits 33 through 42 as copies of photographs from the Snapchat application on her phone, which she provided to Detective Nakasone.[4] CW confirmed that State's Exhibit 34 depicted "a mark above [her] right eye[,]" but said she could not recall the exact date of the photograph. CW also identified State's Exhibits 11 and 13 as a transcript of an interview she had with Detective Nakasone and a copy of a recording of the interview, respectively. She confirmed that she recognized her voice and Detective Nakasone's voice on the recording. However, the recording did not refresh her memory as to how she obtained the injuries depicted in State's Exhibits 33 through 42.

In her own testimony, Detective Nakasone confirmed that she conducted an in-person interview at the Alapai Police Station with CW on February 13, 2023. Detective Nakasone identified State's Exhibits 11 and 13 as a transcript and a recording of that interview. The Family Court then allowed the State to adduce evidence of CW's statement to the detective under Hawaiʻi Rules of Evidence Rule 802.1(4) as a past recollection recorded. The court instructed the State to have Detective Nakasone read

---

[4]    CW testified that she signed a form to allow the police to access her phone, and the photographs taken accurately reflected her injuries.

only the portions of CW's statement that were relevant to Counts 2 through 4.  Detective Nakasone then read into the record from portions of State's Exhibit 11.

Detective Nakasone confirmed that during the February 13, 2023 interview, she asked CW what occurred on September 11, 2021.  Detective Nakasone asked CW what happened in reference to State's Exhibit 34, to which CW responded,

> I just gave birth to RJ [(**Child**)]. . . .  Um, he was crying I think.  And then . . . we were arguing.  I think we were arguing like about, ah, him not helping me or something.  And, um, he -- I was sitting up on the bed . . . trying for make [Child] go back to sleep.  And he just was like kinda hitting me.

(Formatting altered.)  Detective Nakasone asked CW if the children were there, to which she responded, "Only him . . . Only [Child]."  (Formatting altered.)  CW confirmed that Child was crying.  In relation to the photograph, Detective Nakasone asked CW how she got the injury, to which she answered, "Um, he was just like hitting me in the head, that's why.  He was . . . like backhanding."

The State moved to enter into evidence State's Exhibits 33 through 42, the photographs that allegedly depicted CW's injuries.  The Family Court denied admission of the exhibits based on the defense's foundation objection, and noted a problem regarding the date and timestamps on the photographs.  The State then rested.

The defense moved for a judgment of acquittal, arguing in part that the evidence did not establish that the alleged abuse occurred on any specific date.  At that point, the State asked the Family Court to reconsider its ruling with respect to, at least, State's Exhibits 34, 36, 38, 40, and 42, which were the photographs without the date and timestamps.  The Family Court ruled that it would receive into evidence State's Exhibit 34, the photograph depicting bruising to CW's forehead above her right eye, stating:

> The Court will reconsider on one photograph.  It's actually Exhibit Number 34.  It's related to a September 11th, 2021 incident that [CW] was clearly able to articulate date and events in her statement to Detective Nakasone.  There is foundation for that particular photograph . . . it is true and accurate based on the witness'[s] testimony.  There is a

4

> time to go along with the taking of the photograph, as well
> as the accuracy of the photograph. So there is foundation
> for State's 34. That's in evidence.

(Formatting altered.)

Relying on Kwak, Makue argues that the Family Court abused its discretion by reopening evidence for the purpose of overcoming Makue's motion for judgment of acquittal. In Kwak, the defense moved for judgment of acquittal on the ground that the prosecution had failed to prove venue. 80 Hawaiʻi at 304, 909 P.2d at 1119. The trial court, believing that the evidence on venue had been insufficient, permitted the prosecution to reopen its case to present additional evidence to overcome the perceived insufficiency. Id. at 304, 909 P.2d at 1119. The Hawaiʻi Supreme Court concluded that under those circumstances, the trial court abused its discretion in permitting the prosecution to reopen its case. Id. at 305, 909 P.2d at 1120.

This case is unlike Kwak. Here, the Family Court never concluded that absent Exhibit 34, there was insufficient evidence as to any element of proof. Indeed, the court expressly concluded that Exhibit 34 was "not controlling," but "corroborative." Moreover, there was sufficient evidence to support Makue's conviction on Count 2 without the admission of Exhibit 34. See infra. And there is no evidence in the record that the Family Court allowed the State to reopen its case for the purpose of overcoming a perceived deficiency in a required element of proof. Rather, the record shows that the Family Court simply reconsidered its prior ruling regarding the admissibility of Exhibit 34 and determined that the prosecution had laid a proper foundation for its admission.

On this record, we conclude that the Family Court did not abuse its discretion in reconsidering its prior ruling and admitting Exhibit 34 into evidence after the State rested.

(2) Makue contends there was insufficient evidence adduced at trial to support his conviction on Count 1. More specifically, he argues that "the record is devoid of evidence to specifically support a finding that Makue acted intentionally, knowingly, or recklessly as to each element of the charge."

Sufficient evidence to support a conviction "requires

substantial evidence as to every material element of the offense charged." State v. Grace, 107 Hawaiʻi 133, 139, 111 P.3d 28, 34 (App. 2005) (quoting State v. Ferrer, 95 Hawaiʻi 409, 422, 23 P.3d 744, 757 (App. 2001)). Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (quoting Ferrer, 95 Hawaiʻi at 422, 23 P.3d at 757). The evidence must be "viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact," who must "determine credibility, weigh the evidence, and draw justifiable inferences of fact." Id. (quoting Ferrer, 95 Hawaiʻi at 422, 23 P.3d at 757).

Here, Makue was convicted of violating HRS § 709-906(1) and (10), which proscribes the intentional, knowing or reckless physical abuse of a family or household member in the presence of a family or household member under 14 years of age. In finding Makue guilty as charged on Count 1, the Family Court summarized the evidence presented at trial and made the following findings of fact:

> On the afternoon of February 12, 2023, Superbowl Sunday for 2023, the defendant, Rusty Makue, was at his residence at 98-660 Moanalua Loop.
>
> [H]e shared that residence, ah, with his then girlfriend, now wife, [CW] . . . .
>
> Also living in that residence was [CW's] daughter . . . and son . . . and [Child]. . . .
>
> So there were five of them in that house. Ah, they were getting ready for a Super Bowl party and unfortunately during the course of getting ready, [Child] . . . apparently fell down the stairs.
>
> Ah, immediately thereafter his mother, [CW], ran down after him, picked him up, checked to see if he had injuries. . . .
>
> And [Makue] followed down the stairs shortly thereafter and an argument ensued between, ah, [Makue and CW].
>
> And as that argument ensued [CW's daughter] came down the stairs. [CW's son] was also in the area on the stairs as well. That argument got heated and the Court finds that Mr. Makue punched [CW], to the left side of her face.
>
> It stunned her where she lost her grip on [Child] while she was holding him. Ah, so much so that [Makue] actually had to grab [Child] to prevent him from falling to the ground.

> After recovering from that punch[, CW] endured pain.
> Ah, and at the time there were minors present. Without a
> doubt [Child] was in the hands of his mother when this punch
> occurred.
>
> The Court bases that on the credible evidence
> presented in this case, and as such does find that all the
> elements for abuse of a family household member in the
> presence of a minor less than 14 years old, the household
> member less than 14 years old, have been satisfied.

The testimony of CW and her daughter supported the
Family Court's findings. That testimony, as well as the
reasonable inferences that can be drawn from it, constitute
substantial evidence that Makue had at least a reckless state of
mind when he hit CW on February 12, 2023. See State v. Eastman,
81 Hawaiʻi 131, 141, 913 P.2d 57, 67 (1996) ("The mind of an
alleged offender may be read from his acts, conduct and
inferences fairly drawn from all the circumstances." (citing
State v. Batson, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992))).
On this record, we conclude that substantial evidence supported
Makue's conviction on Count 1.

(3) Makue contends there was insufficient evidence
adduced at trial to support his conviction on Count 2. More
specifically, he argues there was insufficient evidence to find
that the alleged criminal conduct occurred on the charged date,
September 11, 2021.

In addressing Makue's first contention, above, we have
summarized the evidence regarding Detective Nakasone's in-person
interview with CW on February 13, 2023. Based on the evidence
presented at trial, the Family Court concluded, as follows:

> You know, at the outset State's Exhibit 34 is not --
> is not controlling here. The -- the photograph is
> corroborative. It's not the anchoring point, ah, for the
> events in count number two. It's actually ancillary.
>
> Ah, while [CW] doesn't have a clear recollection
> perhaps of what occurred back in 2021, ah, she was very
> clear when she talked with Detective Nakasone on February
> 13th of 2023.
>
> She remembers the in person interview that she had
> with the detective. She remembers providing the phone, ah,
> why she provided the phone. She was very clear about what
> was going on in her life at that point in time.
>
> When she did talk with Detective Nakasone and her
> discussion was recorded verbatim, she was able to answer
> questions about what happened on September 11th of 2021.

And this was not at great prodding by the detective.

The Court is relying on what was recorded back on February 13th, 202[3]. Ah, her answers to the questions were not just at prodding of the detective. She was able to recall great detail about what happened on that particular date. That she just gave birth to [Child]. Why they were arguing. What they were arguing about. Whether or not [Child] was crying. She was able to give all of that detail to Detective [Nakasone].

She was even able to detail what kind of physical contact occurred, ah, clarifying that it was a backhanding kind of motion and that it occurred three times to the location of her face, above her right eye.

You know, given that evidence, the Court does find proof beyond a reasonable doubt that Mr. Makue did physically abuse at the time [CW]. Ah, and she was a family and household member and so was their biological son, [Child], who was present at the time. He was under the age of 14.

The testimony of CW and Detective Nakasone supported the Family Court's findings. See supra. On this record, we conclude that substantial evidence supported Makue's conviction on Count 2.

For the reasons discussed above, the Judgment of Conviction and Sentence entered on September 23, 2024, by the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, December 16, 2025.


On the briefs:

Seth Patek,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Kimberly T. Guidry
Associate Judge